### DODSON et al. v. KUYKENDALL et al.
### No. 3810.

Court of Civil Appeals of Texas. El Paso.
April 6, 1939.

Appellees' Motion for Rehearing Denied
April 20, 1939.

Appellants' Motion for Rehearing Denied
April 27, 1939.

Barnie Cantrell, of Dallas, and L. C. Heath, of Brownfield, for appellants.

J. E. Garland, of Lamesa, and Alton Freeman, of Seminole, for appellees.

WALTHALL, Justice.

Rebecca C. Dodson, a feme sole, by Ida Craft, as next friend, Ida Craft, individually, and Mrs. T. M. Kirk (Ida Craft and Mrs. Kirk being daughters of Mrs. Dodson), the latter joined pro forma by her husband, as plaintiffs, brought this suit against Frank Kuykendall and Homer Stimson, as defendants, to cancel and annul a deed or conveyance from Rebecca C. Dodson of date February 8, 1937, conveying to Frank Kuykendall the land described in plaintiffs' petition and situated in Gaines County, and to cancel and set aside a mineral deed of date February 18, 1937, from Frank Kuykendall conveying to Homer Stimson the mineral in place in said land, and praying that plaintiffs have judgment removing cloud from title, for possession, and for relief general and special.

Defendants answered by demurrer, general denial and plea of not guilty.

The ground alleged by plaintiffs for cancelling the deed from Rebecca C. Dodson to Frank Kuykendall, and the only ground submitted by the court in his charge to the jury,

was: "Do you find from a preponderance of the evidence that Mrs. Rebecca C. Dodson on the 8th day of February, 1937, was suffering from a mental incapacity of such a degree as to render her incapable of understanding, in a reasonable manner, the nature and effect of her act in executing the deed?" To which the jury answered, "No."

The verdict was received by the court, and based thereon the court rendered judgment that plaintiffs take nothing by their suit; that defendant Kuykendall recover from plaintiff Rebecca C. Dodson the title and possession of the land in controversy, save and except an undivided one-sixteenth of one-eighth interest in and to the oil and other minerals in and under and that may be produced from the land, as conveyed by Mrs. Dodson to Kuykendall; that defendant Stimson recover from plaintiffs an undivided one-sixteenth of one-eighth interest in and to all the minerals in the land involved as evidenced by the mineral deed from Kuykendall to Stimson; that defendants be quieted in their respective titles, etc.

The court overruled plaintiffs' motion for a new trial, and plaintiffs appeal.

## Opinion.

The court sustained appellees' demurrer to that part of appellants' amended petition alleging that Ida Craft and Mrs. Kirk were daughters of Mrs. Dodson and that as such they were entitled to inherit a share of her estate on her death; that Mrs. Dodson had not theretofore published a last will and testament and does not have mental capacity to make a will, and that, therefore, appellants are interested in her estate. Appellants did not amend their petition after the demurrer had been sustained.

The court was not in error in sustaining the exception to appellants' petition, it appearing on the face of the petition that Ida Craft and Mrs. Kirk have no present interest in the subject matter of the suit. Ida Craft and Mrs. Kirk cannot maintain an action in their own right as heirs to set aside a deed to real estate made by Mrs. Dodson, their mother, on the theory solely that they might become heirs on her death.

Appellants alleged, in substance, that Mrs. Dodson, on the 8th day of February, 1937, when she executed the deed in question, was ninety-two years of age; that she lived in Rockwall County, Texas; that at that time, because of her advanced age, she was feeble in mind and body, and be-cause of said impairment in mind and body she did not know the nature of the instrument she signed, nor the effect of said instrument, and which facts were well known to defendants (appellees), and each of them, at the time of accepting said instrument; that on said date (the execution of said deed) Mrs. Dodson had defective eyesight and could not see to read and understand, or hear to understand, the nature of said instrument, and she did not in fact know and realize what she was doing, and which facts were well known to defendants (appellees), or could have been known by the exercise of ordinary diligence.

Mrs. Dodson complains in a number of propositions that much evidence was erroneously admitted over her objection as to her mental capacity to make the deed. We will first consider some of the evidence complained of as having been so admitted. Annie Mae Roach testified by deposition: Was acquainted with Mrs. Dodson; have known her since 1928; lives just across the street from her; usually visits her about three times a week; have conversations with her; visited and talked with her about two weeks ago; when witness visits and talks with a person a number of times witness can tell whether or not such person is of sound or unsound mind. Based on the above, witness said she could tell whether Mrs. Dodson's mind was sound or unsound during the year 1937. Question: "Basing your answer upon your visits and conversations with Mrs. Rebecca C. Dodson prior to February 8, 1937, and after February 8, 1937, state whether or not in your opinion she had sufficient mental capacity on February 8, 1937, to know and understand the nature of the property which she then owned and the disposition which she then desired to make of same?" To which question witness answered: "I think she certainly did."

Appellants asked H. E. James the following question: "From your experience as a real estate man dealing with the public, and from your having seen people of sound minds and unsound minds, and basing your answer further upon your conversation with Mrs. Rebecca C. Dodson in June of 1937, would you say that she had in June of 1937 or in February of 1937, sufficient mental capacity to know, understand and realize the nature of a business transaction, such as buying and selling land?" The witness answered: "She had not." A similar question to the above was asked witness Graves, and a similar answer given.

■ In Pickering v. Harris, 23 S.W.2d 316, Judge Critz, then on the Commission of Appeals, after reviewing many cases of our courts, announced the rule that in a suit to cancel a deed because of the grantor's mental incapacity, admitting testimony of witnesses to the effect that in their opinion the grantor had sufficient mental capacity to understand the nature and extent of a transaction conveying property was error, testifying to a legal conclusion, and as invading the province of the jury. In that case, as in this, one question was submitted to the jury, viz: "At the time of the execution of the deed in controversy [stating the date and the parties involved] was the said C. M. Pickering [the grantor] mentally competent, as mental competency is explained above, to execute said deed?" In the statement of the facts it appears the witnesses were permitted to testify that the grantor at the time " 'understood the nature and extent of his property,' understood he 'was transferring same' " ; " 'had mental capacity sufficient to understand the nature and extent of the transaction in which he was engaged in signing away his property' " ; that "appellant 'did have mental capacity to understand the nature and extent of the transaction, and that he did have will power to refuse to sign the deed if he did not want to do so,' " and similar statements to the effect that in the opinion of the witness the grantor did have mental capacity sufficient to understand the nature and effect of such deed.

In concluding the opinion Judge Critz said: "In our opinion, there is no difference between permitting a witness to testify to a number of legal conclusions the sum total of which make up the ultimate fact to be decided, and permitting such witness to testify to the ultimate fact to begin with. The testimony here under consideration certainly called for testimony on a number of legal conclusions, the sum total of which made up the one ultimate issue submitted to the jury."

The case was reversed and remanded for a new trial. The case was approved by the Supreme Court. We refer to the case as announcing the law to be applied to the facts in this case.

■ The court was in error in permitting the witnesses to testify as above stated. The case must be reversed and remanded.

In view of another trial we make some suggestions:

■ The court properly, we think, held that plaintiffs Ida Craft and Mrs. T. M. Kirk had no present interest in the matters in controversy. Having dismissed them, it was error to render judgment against them in adjudicating appellees' issues in the suit with Mrs. Dodson. They were out of the suit and no other judgment should have been rendered against them other than to dismiss them and for their part of the costs.

■ We think the witness Clay Dodson should not have been permitted to testify that he would have made the same deal as did his mother, that he thought it a good trade, etc. Some other testimony of witness Clay Dodson we think is doubtful.

■ Where the general reputation of a witness for truth and veracity has not been brought into question it is error to permit witness to testify that such reputation was good.

The charge of the court to the jury and the jury's verdict are not found in the transcript. We do not know what the court's charge to the jury was nor the jury's verdict, except from appellees' motion for judgment.

The case was not tried, we think, without errors. Some referred to may not have been reversible errors; some we think were.

The case is reversed and remanded.