IRMA POWERS DAVIS ET VIR V. FIRST NATIONAL BANK
OF WACO, TEXAS.

No. 7844. Decided April 1, 1942.
Rehearing overruled April 29, 1942.
(161 S. W., 2d Series, 467.)

*Buck & Knapp,* of Fort Worth, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the decree entered in the partition suit was not res adjudicata of Laura Powers' rights, title and interest in and to the property here in litigation and therefore conclusive as to the rights and interests subsequently acquired by the bank through the deed executed by the guardian of Laura Powers. Schneider v.

Sellers, 98 Texas 380, 84 S. W. 417; Richardson v. Trout, 135 S. W. 680; Pearce v. Jackson, 84 Texas, 515, 19 S. W. 690.

*Sleeper, Boynton & Kendall,* of Waco, and *Black, Graves & Stayton,* of Austin, for defendant in error.

No adjudication was made or could have been made, nor was any attempt to be made, in the partition suit either for or against the legal heirs of Laura Powers, or for or against Irma and Albert Powers as the legal heirs of Anderson Powers. Under the partition decree Laura Powers took a fee simple title in the property allotted to her. Glenn v. Holt, 229 S. W. 684; Masterson v. Harris, 107 Texas 73, 174 S. W. 279, Lee v. Smith, 18 Texas 145; Robinson v. Blankenship, 11 Tenn. 394, 92 S. W. 854.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The principal contention made by plaintiff in error is that a decree of partition, to which defendant in error's predecessor in title, Laura Powers, was a party, had the effect of reducing to life estate the title in fee simple that she had acquired through the will of her father, Anderson Powers, to an interest in the property in controversy herein.

This suit was brought by defendant in error, The First National Bank of Waco, Texas, against plaintiff in error Irma Powers Davis and her husband for the title and possession of two lots or tracts of land in the City of Waco. The trial court's judgment in favor of defendant in error for the title and possession of the two lots, except the south one-half of one of them, which was adjudged to plaintiffs in error, was affirmed by the Court of Civil Appeals, with reformation of a recovery for taxes paid by defendant in error. 145 S. W. (2d) 707.

The lots in controversy, together with other land, were the community property of Anderson Powers and his wife, A. E. Powers, who left two children, Laura Powers and Albert Powers. A. E. Powers died in 1899 and Anderson Powers died in 1909. The wills of Anderson Powers and A. E. Powers were probated a short time after Anderson Powers' death. The will of A. E. Powers devised her interest in the community property, after her husband's death, to her two children in equal un-

divided interests. The part of the will of Anderson Powers that affects the property in controversy is as follows: "The remainder of my interest in said estate I give equally to my two children, Laura and Albert, they to have the use in and the income from it during their natural lives but not to sell or to dispose of it in any way, after which it will inure to their legal heirs."

Albert Powers, son of Anderson Powers and A. E. Powers, died intestate in 1906, leaving his widow, Mrs. Lola Powers and two children, Albert R. Powers and Irma Powers, plaintiff in error. Albert R. Powers died in 1913, a minor, intestate and unmarried.

In 1909 Irma Powers and Albert R. Powers, minors, filed suit by next friend against Laura Powers and Mrs. Lola Powers for partition of the real estate in McLennan County that had been the community property of Anderson Powers and A. E. Powers, alleging that the plaintiffs owned each an undivided one-fourth interest in the property and that the defendant Laura Powers owned a one-half interest in the same. By its decree of partition the court found that the defendant, Mrs. Lola Lowers, owned a life estate interest of one-sixth in the property; that the plaintiffs Irma Powers and Albert R. Powers, subject to the life estate interest of their mother, Mrs. Lola Powers, were the owners each in fee simple of an undivided one-fourth interest; and that the defendant Laura Powers owned in fee simple an undivided one-fourth interest and a life estate in another one-fourth interest. Commissioners were appointed to partition the property in accordance with the decree and were directed further not to make partition between Mrs. Lola Powers and her children, but to partition Laura Powers' interest from that of the widow and her children.

The lots in controversy, with other property, were allotted by the commissioners to Laura Powers, and other property not in controversy herein was allotted to the plaintiffs, Irma Powers and Albert R. Powers, and defendant Mrs. Lola Powers. The court by its decree confirmed the report of the commissioners, set apart to Laura Powers and divested out of the other parties to the suit all of the right, title and interest and right of possession in and to an undivided one-half interest in the property in controversy herein and vested the same in Laura Powers, "her heirs, executors, administrators and assigns, in

accordance with the will of her mother, A. E. Powers." As to the undivided one-half interest in the same property to which Laura Powers was entitled under her father's will the decree contained the following:

"And the possession of the other one-half undivided interest in and to the said real estate be and the same is hereby divested out of all of the said other parties to this cause, their heirs, executors, administrators or assigns and such possession and right be and the same is hereby vested in the said Laura Powers for and during her natural lifetime only under and by virtue of the terms of the will of her father, A. Powers, whereby all of the rights and income therefrom during her natural life are vested in her absolutely to dispose of as she desires and she is to have the exclusive use of the said property, real for and during her natural life-time. After her death the right and title in and to an undivided one-half interest in and to all of said real property shall go to the legal heirs of the said Laura Powers absolutely."

Laura Powers was adjudged a person of unsound mind, and in 1936 by her guardian's deed, duly authorized by the probate court, the property which is the subject matter of this suit, together with other property, was sold and conveyed to defendant in error, The First National Bank of Waco, Texas. In 1937 Laura Powers died intestate, leaving as her sole heir plaintiff in error, Mrs. Irma Powers Davis.

■ The first ruling made by the Court of Civil Appeals was that the Rule in Shelley's Case applies to the will of Anderson Powers and that under it Laura Powers took title in fee simple. We find no assignment in the application for the writ distinctly specifying this ruling as error. However, if by liberal construction some of the assignments may be considered as presenting the question, it is our opinion that it was correctly decided by the Court of Civil Appeals. The language of the will is: "The remainder of my interest in said estate I give equally to my two children, Laura and Albert, they to have the use of it and the income from it during their natural lives but not to sell or dispose of it in any way, after which it will inure to their legal heirs." This is in substance a devise to Laura Powers for life with the remainder to her legal heirs. There is nothing in the will to indicate that the testator intended by the use of the words "legal heirs" to designate some particular person

or persons other than those described generally as heirs. Lacey v. Floyd, 99 Texas 112, 87 S. W. 665; Seay v. Cockrell, 102 Texas 280, 115 S. W. 1160; Brown v. Bryan, 17 Texas Civ. App. 454, 44 S. W. 399, (application for writ of error refused).

The language of the wills construed in Wallace v. First National Bank of Paris, 120 Texas 92, 35 S. W. (2d) 1036 and Calvery v. Calvery, 122 Texas 204, 55 S. W. (2d) 527, is materially different from that used in the will of Anderson Powers. In those cases the testator directed that the remainder go to the heirs of the body of the first taker and provided in the one that the property should go to the bodily heirs equally and that after the death of the life tenant it should not become the property of any other person whomsoever than his own bodily heirs, and in the other that after the death of the first taker the heirs of her body should have and hold the property share and share alike to each. It was held in each of those cases that, from these words and the entire text of the will, the intention of the testator was manifest to use the words "bodily heirs" in the sense of children. The will in the instant case contains no words to evidence an intention to use the words "legal heirs" as meaning children or as designating any persons other than those who would take as heirs under the law.

■ The contention vigorously made by plaintiffs in error throughout their application for the writ and in their briefs is that by its decree in the partition suit the court decided that Laura Powers had only a life estate in the property that she had acquired from her father and that the decision as to the nature of her interest so made in that suit is in this suit conclusive against defendant in error, which holds title under her.

In determining whether a party to a suit is concluded by the decision of a question of fact or of law made in a former suit to which he or one through whom he holds title was a party, it is necessary not only to look to the terms of the judgment rendered in the former suit, but also to consider that judgment, its findings and recitals in the light of settled rules as to the principle of res adjudicata or conclusiveness of judgment. One of the best statements of the general principle is that contained in the opinion written by Justice Pitney in Oklahoma v. Texas, 256 U. S. 70, 65 L. Ed. 831, 834, 41 Sup. Ct. 420, 422. It is: "A question of fact or of law, distinctly put in

issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit of action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action." See also Stephenson v. Miller-Link Lumber Co., (Com. App.) 277 S. W. 1039.

It is apparent from the use in the quoted rule of the words "distinctly put in issue" and from other expressions in the court's opinion in Oklahoma v. Texas that consideration must be given to the pleadings in testing what was involved and determined in the former suit. In James v. James, 81 Texas 373, 380, 16 S. W. 1087, it is said that: "It is the general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter and as a bar to further proceedings should have involved and determined the same vital issue or *that such issue or question should have been fairly within the scope of the pleadings.*" (Our italics). See also First National Bank of Bryan v. White, 91 S. W. (2d) 1120; 30 Am. Jur. pp. 927-928, Sec. 182.

The vital issue involved and determined in the partition suit was as to the quantity (whether one-fourth or one-half) of the interest of each of the parties to the suit in the real property formerly belonging to Anderson Powers and A. E. Powers, and which was the subject of partition. It is true that the two decrees in describing the estate or the duration of the interest of Laura Powers in the property set apart to her contain the recitals above quoted to the effect that she owns and there is vested in her the fee simple title to an undivided one-half interest and that as to the other one-half interest she has and there is vested in her a life estate with remainder to her legal heirs. If the recitals are construed as the expression of a conclusion on the part of the court that there was a difference in the duration of the two undivided half interests in the property set apart to Laura Powers, it does not appear that the court took that difference into consideration in making the partition or that the division of the property between Irma Powers and Albert R. Powers on the one hand and Laura Powers on the other hand, was affected by it. The purpose and effect of the two decrees was to divide the property into two equal shares and to set apart one share to the plaintiffs and the other to Laura Powers. We believe that the court, instead of undertak-

ing to determine what was the legal effect of the language of the will of Anderson Powers which devised to Laura Powers for life one-half of his interest in the community property with remainder to her legal heirs, avoided a decision of that question and found it sufficient, for description in the decree of the interest that she had acquired from her father, to use substantially the language contained in her father's will. The description in the decree is more elaborate than that in the will, but in meaning and substance it is not different. It is a recital that, in a one-half interest in the property allotted to her, Laura Powers had, under the terms of her father's will, a life estate with remainder to her legal heirs.

■ This construction of the decree as not intending to determine whether Laura Powers took under her father's will fee simple title or a life estate confines the decree to the scope of the pleadings; but if the decree is construed to adjudicate that Laura Powers took only a life estate under her father's will, the part of the decree by which that adjudication is made is outside the scope of the pleadings in the partition suit and is not conclusive in this suit. Oklahoma v. Texas, 256 U. S. 70, 65 L. Ed. 831, 834, 41 Sup. Ct. 420; James v. James, 81 Texas 373, 380, 16 S. W. 1087; First National Bank of Bryan v. White, 91 S. W. (2d) 1120. The plaintiffs' petition in the partition suit alleges that the plaintiffs Irma Powers and Albert R. Powers are entitled to a one-fourth interest each in the real estate described and that the defendant Laura Powers is entitled to a one-half interest therein and prays that the plaintiffs have judgment against the defendant for their interests, and that commissioners be appointed to partition the property, giving to the parties respectively the portions to which they are entitled. There is no averment in the petition that either the plaintiffs or any other person has any estate or interest by way of remainder or otherwise in the one-half interest which the petition alleges belongs to Laura Powers, and no averment that Laura Powers owns less than the full fee simple title in that interest. The record contains no copy of the answer of the defendant Laura Powers in the partition suit and no statement of its substance. We cannot consider a copy of Laura Powers' answer attached as an exhibit to the application for the writ and made from an abstract of title used on the trial. References in the statement of facts to pages of the abstract on which other instruments which were copied in the statement of facts appear do not make the answer of Laura Powers a

part of the record when it is nowhere copied or referred to in the statement of facts.

■ The principle of conclusiveness of judgment or estoppel by judgment is thus stated in O'Conner v. State, 96 Texas 484, 492, 73 S. W. 1041, 74 S. W. 899:

"It is a settled rule of law that to operate as an estoppel against a party to a judgment the decision must be of a fact directly involved in and necessary to the determination of the issue presented to the court."

So in the instant case, the recital in the judgment in the partition suit that Laura Powers had only a life interest (if the recital is given that meaning) will not operate as an estoppel against defendant in error, because it was the recital of a fact or of a conclusion not directly involved in and not necessary to the determination of the issue presented to the court in that suit.

The statement of the rule of conclusiveness of judgment most favorable to the litigant invoking it is that made in Nichols v. Dibrell, 61 Texas 539, 541, as follows:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided.'

■ Even under that statement a decision in the partition suit that Laura Powers under her father's will had only a life estate and that the remainder belonged to her legal heirs would not be conclusive because that question could not have been litigated in the partition suit. For litigation there must be a controversy and for a controversy there must be adverse parties. Freeman on Judgments, (5th Ed.) Vol. 1, p. 918, Sec. 422. The parties adversely interested in the question whether Laura Powers took the fee simple title or only a life estate with remainder in her legal heirs would be Laura Powers on the one part and her legal heirs on the other part. Laura Powers had no heirs until she died. A living person has no heirs. An expectant heir has no present interest or right in property that he may subsequently inherit and consequently he cannot maintain a suit for the enforcement or adjudication of a right in the property.

Glenn v. Holt, 229 S. W. 684; Dodson v. Kuykendall, 127 S. W. (2d) 348; Parrish v. Parrish, 280 S. W. 901; Munger v. Richards, 87 S. W. (2d) 797, (application for writ of error refused); People v. Emery, 314 Ill. 120, 145 N. E. 349; Doctor v. Hughes, 225 N. Y. 305, 122 N. E. 221; 26 C. J. S. p. 1085, Sec. 61; 34 C. J. p. 1037, Sec. 1470.

Albert R. Powers died before the death of Laura Powers and never became her heir. The same might have been true of plaintiff in error Irma Powers Davis. Albert R. Powers and Irma Powers did not sue in the partition suit as heirs of Laura Powers. That suit was to establish their ownership of the one-half interest to which they were entitled as heirs of their father, devisee of their grandfather and grandmother, Anderson and A. E. Powers. But had they sued as heirs or expectant heirs of Laura Powers in order to obtain an adjudication that Laura Powers acquired only a life estate under her father's will and that the remainder belonged to them as her legal heirs, they could not have maintained that suit because they were not then her legal heirs and might never be. They could not have litigated that question against her and she could not have litigated it against them. As to that question there could have been no controversy between them and there could be no binding adjudication of a question about which there could have been no controversy. There are many authorities holding that a judgment is not conclusive of any question which could not have been adjudicated in the case in which it was rendered. Ash Sheep Co. v. United States, 252 U. S. 159, 40 Sup. Ct. 241, 64 L. Ed. 507, 513; 30 Am. Jur. p. 927, Sec. 182; Black on Judgments (2nd Ed.) Vol. 2, p. 944, Sec. 618.

■ There are two other principles closely related to that last discussed. One of these is that: "A party acting in one capacity or in one right can neither be benefited nor injured by a judgment for or against him when acting in some other capacity or right." Freeman on Judgments (5th Ed.) pp. 909-910, Sec. 418. The principle is stated in this form in Caruth v. Grigsby, 57 Texas 259, 266: "It is an established general principle that a party is concluded by a judgment in the right only in which he sued or is sued." See also Thompson v. Cragg, 24 Texas 582, 596-597; Downing v. Diaz, 80 Texas 436, 455, 16 S. W. 49.

Plaintiff in error Irma Powers Davis prosecuted the partition suit as an heir of her father. As has been shown, she

could not have sued in that case as an heir of Laura Powers, who was then alive. In this suit plaintiff in error claims title as the sole heir of Laura Powers. She can, in this suit, neither be benefited nor injured by the judgment in the partition suit, for she now sues in a different right.

If a judgment in the partition suit adverse to Irma Powers and Albert R. Powers with respect to the duration of Laura Powers' interest would not have been conclusive against plaintiff in error in this suit, then Laura Powers would not be concluded in this suit by a judgment in the partition suit unfavorable to her with respect to that question. This is true because of another of the principles to which reference has been made. It is that the estoppels of a judgment must be mutual. A party who is not bound by a judgment is not permitted to assert that another is estopped by it. Masterson v. Harris, 107 Texas 73, 87, 174 S. W. 570. Galveston Chamber of Commerce v. Railroad Commission, 137 S. W. 737, 746. The reason for this rule is the same as that which Freeman says "underlies the whole doctrine of res adjudicata" and in his language is "that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated, but to litigate them against the party (or his predecessor in interest) who seeks to use the judgment against him." Freeman on Judgments (5th Ed.) p. 918, Sec. 422. This quotation answers the argument made by plaintiff in error that since the real point at issue is what interest Laura Powers received under the judgment in the partition suit, it matters not whether the court could have made a decision in that suit that would have been binding on the heirs of Laura Powers. Plaintiff in error, Irma Powers Davis, seeks in this case to use the judgment in that suit against defendant in error which is Laura Powers' successor in interest. The judgment in that case cannot be used by plaintiff in error to conclude defendant in error, because plaintiff in error herself was not bound by that judgment and because Laura Powers had no opportunity in the suit in which the judgment was rendered to litigate against Irma Powers, or against any adverse party, the question whether she took a fee simple title or a life estate under her father's will.

For the reasons given and on the authorities cited, our conclusion is that the decree in the partition suit did not have the effect of reducing to a life estate the title in fee simple that Laura Powers took under her father's will.

We approve also the ruling made by the Court of Civil Appeals as to the fixing and foreclosure of a lien for taxes paid by defendant in error and its judgment taxing the costs of appeal.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 1, 1942.

Rehearing overruled April 29, 1942.