### SPAULDING v. HIGGS et al.
### No. 10106.

Court of Civil Appeals of Texas. Austin.

Jan. 7, 1953.

Rehearing Denied Jan. 28, 1953.

N. T. Stubbs, Johnson City, by Ernest Morgan, San Marcos, and Jones, Herring & Jones by Herman Jones, Austin, for appellant.

Russell G. Ferguson, Austin, Ferguson & Ryan, Austin, and B. P. Traynor, Austin, for appellees.

ARCHER, Chief Justice.

This appeal is from a declaratory judgment construing a deed.

Appellant, plaintiff below, is the widow of George L. Kennedy, and appellees, defendants below, are some, not all, of the children of George L. Kennedy by a former marriage.

By an instrument referred to as the "1930 deed" George L. Kennedy conveyed to his wife, the appellant, an undivided one-half interest in the property in controversy. Thereafter, by an instrument referred to as the "1933 deed" he conveyed to the appellant a life estate in the other undivided one-half thereof. Subsequently he executed and delivered to appellant what is hereinafter referred to as the "1939 deed," same being a general warranty deed to the premises in controversy.

Some of George L. Kennedy's children of a former marriage, to wit, the appellees, claimed some character of interest in the

land, and appellant brought this suit for declaratory judgment to have construed the various instruments through which her title was deraigned.

In the 1933 deed George L. Kennedy purported to convey an undivided one-half interest in the land to appellant

" * * * during her lifetime and at her death said one-half undivided interest is to revert to my heirs at law. It is also understood, by the delivery and acceptance of this deed that I am to remain on said property without payment of rent during my lifetime, but that the said Tina Kennedy is to receive the rents and revenues that may be derived from said property other than is necessary for our joint use."

In the trial below, appellant took the position that the effect of the "1933 deed" was to convey to her a life estate in an undivided one-half interest in the property, that the reversion in fee in said undivided one-half interest remained in the grantor George L. Kennedy, and by virtue of the "1939 deed" the full fee-simple title to the premises vested in appellant.

Appellees contended that in the "1933 deed" the grantor did not mean or intend to use the words "my heirs at law' in the technical sense, but that he meant to use said words in the sense of "my children" and that said deed created a life estate only in appellant and a vested remainder in fee in the eight children of George L. Kennedy born of his first marriage, all of whom were then living, and that thereafter he had no right, title, or interest in the property (other than the right to reside there rent free) which he could thereafter convey.

The trial court held the effect of the "1933 deed" was to convey to appellant a life estate in an undivided one-half interest in the property, with a vested remainder in fee to eight then living children of the grantor George L. Kennedy. It is from this construction of the "1933 deed" that this appeal was taken.

Two points of error are assigned in this appeal and are to the effect that the court erred in construing the 1933 deed as it did.

The trial was had to the court on a stipulation of agreed facts and in part read as follows:

"4. That defendants herein waive any interest in the property in controversy by virtue of deeds dated May 1930, 'Exhibit D,' and September 1939, 'Exhibit E'; that in March 1933, when the deed attached hereto and marked 'Exhibit A,' was executed and delivered, George L. Kennedy, the grantor therein, was sixty-three years of age; that the plaintiff was his second wife, and that she was then fifty-two years of age; that to the marriage of George L. Kennedy and Jennie Kennedy, his first wife, there were born eight children, all of whom were living in the year of 1933, and all of whom are now living. These eight children are as follows: Esther Kennedy Higgs, Lois Kennedy Linden, Marie Kennedy Ferguson, Merle Kennedy Edson, Jewel Kennedy Buford, George A. Kennedy and C. J. Kennedy and Dan Kennedy.

"5. George L. Kennedy died in the year 1945. After his death, the plaintiff, then known as Tina Kennedy, changed her name to Tina Spaulding."
The 1933 deed is as follows:

"The State of Texas ⎱ Know All Men
"County of Hays ⎰ By These Presents:

"That I, George L. Kennedy, of Hays County, Texas, for and in consideration of the sum of One Thousand Dollars to me in hand paid by Tina Kennedy (the same having heretofore been loaned to me and for which I am indebted to the said Tina Kennedy in said amount) having bargained, sold and conveyed, *and by these presents do hereby bargain, sell and convey,* and by these presents do hereby bargain, sell and convey unto the said Tina Kennedy of Hays County, Texas, the following described real estate, lying and being situated in Hays County, Texas, and being more particularly described as follows:

"The remaining one-half undivided interest in and to the following lots, to-

wit:—Lots Nos. Eight (8) and Nine (9) in Block No. Five (5) of the Lindsey and Harvey Addition to the City of San Marcos, in said county and State, and being more particularly described in the deed from Geo. L. Kennedy to Tina Kennedy recorded in Vol. 101 page 333 etc. and reference is here also made to the map or plat of said addition for more particular description of same.

"To Have and to Hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Tina Kennedy during her lifetime, and at her death said one-half undivided interest to revert to my heirs at law. It is also understood, by the delivery and acceptance of this deed that I am to remain on said property without payment of rent during my lifetime, but that the said Tina Kennedy is to receive the rents and revenues that may be derived from said property other than is necessary for our joint use.

"In testimony whereof witness my hand this the —— day of March A. D. 1933.

"Geo. L. Kennedy."

In 1930 prior, to the execution of the above deed, Mr. Kennedy had executed a deed to Mrs. Tina Kennedy conveying an undivided one-half interest in the property without any limitation of any character.

The court in its judgment found:

"That said George L. Kennedy, deceased, is the common source of title to all parties of this suit;

"That by the deed from George L. Kennedy to Plaintiff, dated May 1930, recorded in Volume 101, pages 338–339 of the Deed Records of Hays County, Texas, which deed will be hereinafter referred to as the '1930 Deed', Plaintiff became vested with an undivided one-half interest in and to the land described therein in fee.

"That by the deed dated March 1933 recorded in Volume 105, page 503, of the Deed Records of Hays County, Texas, hereinafter referred to as the '1933 Deed', George L. Kennedy, the grantor therein, intended to convey to the plaintiff an undivided one-half interest in and to the land therein described during her lifetime, and the remainder of said undivided one-half interest in and to said land in fee, to his eight children then living, namely, Esther Kennedy Higgs, Lois Kennedy Linden, Marie Kennedy Ferguson, Merle Kennedy Edson, Jewel Kennedy Buford, George A. Kennedy, C. J. Kennedy and Dan Kennedy; that by virtue of the '1933 Deed', the plaintiff became vested with a life estate only in and to an undivided one-half interest in and to said land, and that the then living children of George L. and Jennie Kennedy, above named, became vested with the remainder in fee in and to said undivided one-half interest in said land to take full effect after the death of plaintiff and George L. Kennedy; that in the '1933 Deed', the grantor, George L. Kennedy, did not mean or intend to use the words 'my heirs at law' in the technical sense, but that he meant and intended to use said words in the sense of 'my children'."

At the trial the appellees waived all claims with reference to the 1930 deed and the 1939 deed and rested their claim to the property solely on the proposition that the effect of the 1933 deed was to convey to them, as a part of the children of the grantor, an interest in the land by purchase as remaindermen.

We believe that the trial court was in error in construing the deed as he did.

The grantor was living, hence had no heirs, and such conveyance to them was void for uncertainty of a grantee. Glenn v. Holt, Tex.Civ.App., 229 S.W. 684; 14 Tex. Jur. 796; Davis v. First National Bank of Waco, 1942, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

We do not find anything in the 1933 deed to indicate that the grantor intended by the use of the words "my heirs at law" to designate some particular person or persons

other than those described generally as heirs. Davis v. First National Bank of Waco, supra.

There are cases in which our courts have held the word "heirs" to mean "children," but the word "heirs" has been accompanied with qualifying words and phrases, clearly indicating that the grantor did not mean heirs in the technical sense of those who would ultimately be heirs, and something in the instrument or in the circumstances surrounding its execution, showing clearly the grantor meant to convey to his children; and generally it has been a case in which it was contended the Rule in Shelley's case applied and to apply the Rule in Shelley's case would have defeated the expressed intent of the grantor.

In the 1933 deed we do not find any qualifying words or phrase of any kind or character. The deed is clear on its face and there is no ambiguity.

There is no evidence of any peculiar circumstances showing that grantor must have meant his children, or of any prior or contemporaneous acts or statements of grantor showing an interest to convey to his children.

From what we have stated, based on the authorities cited, we conclude that the 1933 deed did not convey a vested remainder to the grantor's children. Robinson v. Glenn, Tex.Civ.App., 233 S.W.2d 214, affirmed in Tex.Sup., 238 S.W.2d 169; Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374.

We recognize that every part of an instrument should be harmonized and given effect to if it can be done, and that the construction which is most consistent with the intention of the grantor as gathered from the terms of the conveyance is accepted as the true one. Hancock v. Butler, 21 Tex. 804; Tex.Jur. Vol. 14, para. 132, page 910.

We have given careful consideration to the authorities cited by the appellees but believe that we have disposed of the case in the light of the authorities in Texas.

The judgment of the trial court is affirmed insofar as it relates to the construction placed on the 1930 deed and the 1939 deed since appellees waived all of their rights under those deeds, but the portion of the judgment construing the 1933 deed is reversed and judgment here rendered in favor of appellant.

Affirmed in part and in part reversed and rendered.