Donald R. LANG, Appellant,

v.

Jack M. BASS, Jr., et al., Appellees.

No. 11131.

Court of Civil Appeals of Texas.

Austin.

Jan. 22, 1964.

Gerald H. Fortnery, Houston, for appellant.

Bracewell, Reynolds & Patterson, William Key Wilde, David C. DuBose, Houston, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of the trial court sustaining defendants' plea to the jurisdiction and dismissing plaintiff's cause of action.

The appeal is predicated on three points to the effect that the trial court erred in sustaining the plea to the jurisdiction because the defendants were not parties to a prior suit; there could be no estoppel because the cause of action is different from that on which plaintiff prevailed in the prior suit and there was no pleading or proof of any injury to the defendants.

The cause is before this Court on an agreed statement of facts as follows:

"Plaintiff, DONALD R. LANG and Defendants, JACK M. BASS, JR. and C. L. K. & N. COMPANY, a partnership composed of Harold W. Clark, Beverly W. Landstreet III, Edward L. Kirkpatrick, Jr., and William Nelson II, acting herein by and through their respective attorneys of record, hereby agree that the following is a brief statement of this case and the facts proved on the hearing on said Defendants' Plea to the Jurisdiction herein:

"This is an action for debt evidenced by a promissory note, as reflected in Plaintiff's Original Petition herein. Plaintiff is alleging in this suit that the Defendants entered into a joint venture for the purpose of operating a sulphur mine in which all of said Defendants allegedly own interests. Plaintiff is seeking judgment against said Defendants jointly and severally for the balance due as reflected by said Plaintiff's Original Petition. It is an undisputed fact that Plaintiff herein had recovered a judgment on the 6th day of November, 1961, in Cause No. 581,292 styled Donald R. Lang vs. United States Sulphur Corporation, and Thomas H. Murphy in the District Court of Harris County, Texas, a true copy of Plaintiff's Original Petition and the judgment in said cause being attached hereto marked Exhibits 'A' and 'B' respectively. It is undisputed that this judgment was entered by consent of the parties thereto and that the note referred to in the petition and judgment in said Cause No. 581,292 is the same note referred to in Plaintiff's Original Petition herein. It is also undisputed that said judgment referred to herein

as Exhibit 'B' remains unsatisfied except to the extent set out in Plaintiff's Original Petition in this cause. The foregoing facts were the only facts proved and were the only facts considered by the Court in arriving at its judgment of dismissal.

"The only issue of law involved in this case is, to-wit:

"1. Whether the taking of judgment in said Cause No. 581,292 estopped Plaintiff, herein, from maintaining the cause of action alleged herein against the Defendants, Jack M. Bass, Jr. and C. L. K. & N. Company, a partnership composed of Harold W. Clark, Beverly W. Landstreet III, Edward L. Kirkpatrick, Jr., and William Nelson II.

"We agree that this cause upon appeal may be decided upon this agreed statement in accordance with the Provisions of the Rules of Civil Procedure, Rule 378, and determined accordingly."

We believe that the court improperly sustained the plea to the jurisdiction and in dismissing the cause of action.

As is set out in the statement of facts appellant Lang in a prior suit, finally reduced to judgment, on the same note as the one involved in this case, and foreclosed on certain stock and obtained $7,-000.00. Appellant sued the parties to the prior suit but not the appellees herein. It was on the above basis that appellees pled to the jurisdiction of the court.

We do not believe that the taking of judgment in Cause No. 581,292 estopped plaintiff herein from maintaining this cause of action.

44 Tex.Jur.2d, Sec. 139, Partnership, reads in part as follows:

"Because the partner's liability is joint and several, the judgment is not a bar, however, to a subsequent suit against another partner on the same claim. And a judgment against one or more

partners individually on a firm debt does not bar an action against other partners who were not parties in the former suit."

Burton v. Roff, 292 S.W. 159, Tex.Com. App., Sec. B, opinion adopted by Supreme Court.

Davis et al. v. First Nat'l Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1, Tex.Com.App., Sec. B, opinion adopted by the Supreme Court.

See 44 Tex.Jur.2d Sec. 247, as to pleadings and see also Articles 2033 and 2223, Vernon's Ann.Civ.St. as to service etc.

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.