W. L. CONE, Appellant,

v.

CITY OF LUBBOCK, Appellee.

No. 7551.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 27, 1965.

Rehearing Denied Nov. 1, 1965.

**652**

Andress, Woodgate, Richards & Condos, Dallas, for appellant.

Fred O. Senter, Jr., City Atty., Don W. Reed, Asst. City Atty., Lubbock, for appellee.

NORTHCUTT, Justice.

This is an injunction case brought by the City of Lubbock whereby the City in the first count of its original petition sought to enjoin a violation of a state law by W. L. Cone who it is alleged was altering the surface of his property, located to the south and west of the intersection of 46th Street and Avenue A in the City of Lubbock, Texas, in such manner as to subject the surrounding property, both public and private, to harmful effects of storm and rain waters as a result of his failure to provide proper drainage safeguards and was thereby diverting the natural flow of the surface waters, which, if true, would be in violation of Article 7589a, Vernon's Ann. Tex.Civ.St. By the second count of the City's original petition it sought to enjoin W. L. Cone from proceeding with the digging and earth moving on his property until he complied with the cut and fill procedure of Section 16–13 of the Code of Ordinances, City of Lubbock, Texas. Accordingly, a temporary restraining order was issued ordering a hearing before the court on May 3, 1965, upon the City's application for temporary injunction effective until final decree.

W. L. Cone filed his answer attacking the validity of Chapter 16 of the Code of Ordinances of the City of Lubbock containing Section 16–13 pertaining to lake areas and fills. Cone further denied that

the flow of water reaching his land at the present time was the natural flow of water draining thereon from time immemorial but was because of changes in grades and contours and the permability of surfaces of their lands, that the flow of water reaching defendant's land was no longer the natural flow but was a concentrated flow caused by the City to which defendant's land was not subservient. Defendant further pleaded the plaintiff was guilty of laches in standing by while defendant moved 46,000 cubic yards of dirt during the past 60 days before taking action. The defendant also pleaded that the matter here involved was res judicata in that this same plaintiff, the City of Lubbock, filed Cause No. 42368 in the 99th District Court of Lubbock County, Texas, against the same defendant, W. L. Cone, involving the same matters here involved; then pleaded the judgment entered in Cause No. 42368 dissolving the temporary injunction and denying the plaintiff's motion to make the temporary injunction permanent and ordering that the City of Lubbock take nothing as against W. L. Cone.

A hearing was had in this matter on May 3, 1965, and the court after said hearing entered its order decreeing the issuance of a temporary writ of injunction pending final hearing and determination of this cause restraining and enjoining W. L. Cone and his agents and employees from moving or re-arranging any dirt on the surface of the described property. From that order W. L. Cone excepted and perfected this appeal.

Appellant presents this appeal upon two assignments of error as follows:

### POINT ONE

"The former judgment is res judicata of the lack of right of the City of Lubbock to keep Cone from filling his own land for any reason then available to the City.

### POINT TWO

"The City's failure to introduce its Lake Area ordinance, its admission that adjoining landowners were being permitted to do what it sought to enjoin Cone from doing, and the absence of irreparable damage, combined to make the temporary injunction an abuse of discretion, denying Cone the equal protection of the law and denying him the use of his property without due process."

Though we believe appellant's second point of error is multifarious, we will consider the same. We will first consider appellant's Point No. 2. In Paragraph 2 of appellant's original answer and cross-action he admitted that the City of Lubbock had passed ordinances codified as Chapter 16 of the Code of Ordinances of the City of Lubbock containing Section 16-13 pertaining to lake areas and fills. Further, the ordinance appears in the Statement of Facts filed herein. We overrule that portion of Point No. 2 stating the City failed to introduce its lake area ordinance. As to the remaining portion of Point No. 2 we cannot hold that such matters were undisputed because we think there was evidence to the contrary. Furthermore, if such matters are developed and to be considered, we think they are matters to be determined on final hearing of this case. Appellant's Point No. 2 is overruled.

Concerning appellant's first point that the judgment in Cause No. 42368 was res judicata of the lack of right of the City of Lubbock to keep Cone from filling his own land for any reason then available to the City, consideration must be given to the pleadings in the former suit in testing what was involved and determined therein. It is a general rule in this state that the former judgment or litigation relied on as having adjudicated the matter

and as a bar for further proceedings should have involved and determined the same final issue or that such issue or question should have been fairly within the scope of the pleadings. Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1. The former judgment, however, extends only to facts in issue as they existed at the time the judgment was rendered and does not prevent further proceeding where the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants. Fort Worth Stockyards Co. v. Brown, Tex.Civ App., 161 S.W.2d 549.

■ As we construe the matters involved in Cause No. 42368, the City of Lubbock sought to prohibit Cone from filling in his lake area until he caused to be filed and approved by the Planning and Zoning Commission of the City of Lubbock a plat or replat supported by plans and specifications for making uniform fills. The City in that hearing did not attempt to keep appellant from doing any filling of his property but to do so in a uniform manner—in other words, to receive what would naturally flow into his lake. There was nothing sought in that suit contending Cone was violating the provisions of Article 7589a, V.T.C.S. In this suit at bar the City in Count 1 of its pleadings is seeking to stop Cone from doing some things it is alleged he was now doing, diverting the natural flow of the surface water as to cause water therein to be concentrated in increased volume on and over the streets to cause great and irreparable injury to the streets, and, if true, would be in violation of Article 7589a and would constitute new facts occurring which would alter the legal rights and relations with the litigants. All such matters may be and, we think, should be determined on final hearing.

Judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DENTON, Chief Justice.

I respectfully dissent. In my opinion appellant's plea of res judicata should be sustained. The essential facts of the two cases are identical. In both cases the City charges that by the filling of his property appellant is altering the natural flow of the waters. The judge of the 99th District Court made a final determination of this question when he denied the injunction in the previous case. The only new facts which have occurred since the final judgment of the prior case was the additional filling by appellant after the previous motion for injunction was denied and prior to the filing of the present suit. Appellant was then acting within his lawful rights as the City's petition for injunctive relief had been denied. This action on the part of appellant did not alter the legal rights or relations of the litigants.

The fact the first suit did not specifically allege a violation of Article 7589a, V.A.C.S., is not material. That Act simply makes it unlawful to deviate the natural flow of surface waters. This in substance was the essence of the allegations of both suits, and the relief prayed for was the same. Even though it may be argued the issues in the two cases are not the same, the applicable rule was stated by the Supreme Court in Ogletree v. Crates, Tex., 363 S.W.2d 431:

> "The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried."

I would reverse the judgment of the trial court and order the temporary injunction dissolved pending a trial upon the merits.