Dorothy Harper MITCHELL, Individually and as Executrix, Appellant,

v.

Robert G. CARTER, Appellee.

No. 5651.

Court of Civil Appeals of Texas, Waco.

Dec. 23, 1976.

Rehearing Dismissed Jan. 27, 1977.

Danny R. Barfield, Pasadena, for appellant.

Leonard L. Gorin, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

Plaintiff Mitchell appeals from summary judgment she take nothing in suit against defendant Carter for damages.

In this case No. 25,828 plaintiff sued defendant Carter and other devisees of the will of H. P. Harper, deceased alleging: 1) the defendants entered into a conspiracy to distribute fraudulently the Harper Estate, and 2) that attorney Carter wrongfully refused to remove himself as attorney in cause No. 25,680.

Thereafter plaintiff nonsuited all devisee defendants leaving appellee Carter as the only defendant.

Defendant Carter answered that all matters in controversy in this case were litigated to final judgment in cause No. 25,680.

Both plaintiff and defendant moved for summary judgment.

The trial court overruled plaintiff's motion; granted defendant's motion; and rendered judgment plaintiff take nothing.

Plaintiff appeals on 2 points:

1) The trial court erred in overruling plaintiff's motion for summary judgment.

2) The trial court erred in granting defendant's motion for summary judgment by finding there was no genuine issue as to any material fact.

Plaintiff Dorothy Harper Mitchell employed defendant attorney Carter to probate her father's will which named her as Executrix, and of which she was one of the devisees. Attorney Carter probated the will in Falls County Court and plaintiff was appointed Executrix on July 11, 1973. After probate of the will plaintiff became dissatisfied with attorney Carter, employed other counsel, and on December 8, 1973

discharged him as attorney for the estate. On August 13, 1974, (and after attorney Carter was discharged), the other devisees of the will, represented by attorney Carter, filed cause No. 25,680 in the District Court of Falls County for partition of the property in the Harper Estate, for partition of properties in the Estate of Mrs. H. J. Harper, and for an accounting, against Dorothy Harper Mitchell.

During the course of such trial Dorothy Harper Mitchell filed a "Motion for Removal of Plaintiff's Attorney of Record" on the grounds of conflict of interest, and violation of the Code of Professional Responsibility for Attorneys. Answer was filed to such motion; it was heard and overruled by the trial court. Thereafter all parties in cause No. 25,680 entered into a settlement of all matters involved in the case and stipulated in open court in writing to a division, distribution and partition of both estates between the parties. The trial court entered an interlocutory judgment and appointed Commissioners to partition the real estate, who did in fact partition such real property, file their report, and by final judgment the properties were partitioned between the parties.

Dorothy Harper Mitchell filed motion for new trial assigning as error the action of the trial court in refusing to remove attorney Carter as plaintiff's attorney. The motion was overruled; no appeal was taken; and the judgment in cause No. 25,680 is now final.

On May 20, 1975 Dorothy Harper Mitchell filed this cause against attorney Carter and the other devisees in the H. J. Harper will, but as noted nonsuited as to all defendants except attorney Carter.

Appellant's 1st point complains the trial court erred in overruling her motion for summary judgment. Such motion and supporting affidavits, if any, are not before the court having not been brought forward by appellant. Under such circumstances appellant cannot demonstrate error.

Appellant's 2nd point complains the trial court erred in granting defendant's motion for summary judgment.

Defendant's motion for summary judgment asserted the judgment in cause No. 25,680 was res judicata of all plaintiff's claims in the present case.

In the instant case plaintiff sought damages on two grounds: 1) Carter and the other devisees of the Harper will conspired to distribute fraudulently the assets of the Estate; 2) Carter should have removed himself as attorney in the case.

Both above grounds were raised judicially and overruled in the prior suit No. 25,680. The first by an agreed settlement and judgment distributing the Estate, and the second by overruling of the motion to remove Carter as attorney. The judgment in cause No. 25,680 was not appealed from and is final.

■ Res Judicata is the doctrine that a right, question or fact, put in issue and determined by a court of competent jurisdiction cannot be further litigated in a subsequent suit between the same parties or their privies. *Davis v. First National Bank of Waco*, 139 Tex. 36, 161 S.W.2d 467. The rule of Res Judicata bars litigation of all issues connected with a cause of action or defense which, with use of diligence, might have been tried in a former case, as well as those which were actually tried. *Ogletree v. Crates*, S.Ct., 363 S.W.2d 431. And the rules of res judicata rest upon the policy of protecting a party from being twice vexed for the same cause, together with that of achieving judicial economy in precluding a party who has had a fair trial from relitigating the same issue. *Benson v. Wanda Petroleum Co.*, S.Ct., 468 S.W.2d 361.

Thus, both the rules of res judicata and collateral estoppel bar plaintiff's claims.

Plaintiff's points and contentions are overruled.

AFFIRMED.

### ON REHEARING

■ Opinion and judgment were rendered in this case December 23, 1976. Motion for rehearing was thus due to be filed no later than January 7, 1977. Rule 458 TRCP.

Motion for rehearing was filed January 10, 1977.

Such filing on January 10, 1977 would have still been timely (under Rule 5 TRCP) if the motion had been mailed no later than January 6, 1977. But such motion was deposited in the mail on January 7, 1977, and such fact is reflected by both the POST MARK, and the letter of transmittal accompanying the motion.

■ Under Rule 21c TRCP appellant had 15 days following January 7, 1977 to reasonably explain failure to timely file such motion. Such 15 days expired January 24, 1977 (since January 22, 1977 fell on Saturday). No motion of explanation was filed.

Appellant's motion for rehearing is accordingly dismissed.

DISMISSED.