Jack **HAESLY** et al., Appellants,

v.

Bernard **WHITTEN**, Appellee.

No. 5984.

Court of Civil Appeals of Texas, Waco.

March 29, 1979.

Gary Gilliland, Dallas, for appellants.

H. E. "Bill" Tarpley, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from an order of the trial court, sustaining an asserted plea in abatement and dismissing plaintiffs' suit.

Plaintiffs Haesly sued defendant Whitten, an attorney, alleging that plaintiffs were former owners of fractional interests in certain described lots in the City of Dallas; that Musgrove Company, Inc., owner of another fractional interest in such property brought a partition suit against them; that they retained defendant Whitten to represent their interest in such lawsuit; that plaintiffs instructed defendant Whitten to do whatever was necessary to preserve ownership in plaintiffs; that defendant Whitten did not take any steps to preserve the ownership interests of plaintiffs in the real estate, but instead did nothing to protect or defend plaintiffs' interests, allowed title to be taken from plaintiffs without resisting, and further suffered the property to be sold for a clearly insufficient price; to plaintiffs' damage; and that but

for Whitten's negligence in failing to perform his duty as attorney for plaintiffs, they would not have suffered damages as alleged.

Defendant Whitten filed what he denominated as a "Plea in Abatement".

Such "plea in abatement" asserted the cause should be "abated and dismissed" for the reasons: 1) that same is res judicata of Cause 74–1959–I *Musgrove Company v. Doran J. Haesly, et al*, the partition case in which Whitten was engaged to represent plaintiffs herein; that the property was sold by order of the court; was sold for a fair price; and that Whitten was unable in any manner to resist the sale; 2) that the sale occurred nearly three years ago and plaintiffs "are guilty of laches and have thereby lost any claim they might have"; 3) that plaintiffs have not paid defendant for his services for which reason there was no consideration for the alleged employment; 4) that after the sale of the property plaintiffs were given checks for their proportionate share of the property which they cashed.

Subject to such "plea in abatement" defendant Whitten filed his original answer containing a number of special exceptions to plaintiffs' petition and a general denial.

Plaintiffs filed their First Supplemental Petition consisting of special exceptions and objections to defendant's plea in abatement.

The trial court heard argument on the plea in abatement, and thereafter entered order sustaining same and dismissing plaintiffs' action.

Plaintiffs appeal on 3 points asserting:
1) The trial court "erred in sustaining Whitten's 'Plea in Abatement' and dismissing Haesly's cause because the 'Plea in Abatement' raised only affirmative defensive issues of res judicata, laches, failure of consideration, and accord and satisfaction; 2) there were questions of fact raised by the pleadings which could not be resolved merely by reference to the pleadings and the law; 3) there was utterly no evidence to support a finding that Whitten's 'Plea in Abatement' ought to be sustained".

There was no evidence taken in the case, although the trial court took judicial notice of the prior case, i. e., *Musgrove Company v. Haesly, et al.* The Petition, Answers, Order Appointing Receiver, Receiver's Report of Sale, and Order Confirming Sale, in such case have been filed in this Court as a supplemental transcript without objection.

The case at bar is a tort case, an attorney malpractice case, which alleges that the defendant failed to carry out specific instructions of the plaintiffs.

■ Defendant's asserted pleas in abatement; 1) res judicata of the decree in the prior partition suit; 2) laches; 3) failure of consideration; and 4) accord and satisfaction; have been misnamed by defendant, and are in fact affirmative defenses, i. e., matters constituting an avoidance, or bar to the plaintiffs' petition. Rule 94 TRCP. As defenses "in bar" they are not the proper subject matter of disposition on preliminary hearing before the court like true pleas in abatement. *Kelley v. Bluff Creek Oil Co.*, S.Ct., 158 Tex. 180, 309 S.W.2d 208.

■ Further, Res Judicata is the doctrine that a right, question or fact, put in issue and determined by a court of competent jurisdiction cannot be further litigated in a subsequent suit between the same parties or their privies. *Davis v. First National Bank of Waco*, S.Ct., 139 Tex. 36, 161 S.W.2d 467; *Mitchell v. Carter*, CCA (Waco) NWH, 545 S.W.2d 869. *Musgrove v. Haesly* was between different parties, and did not address the complaints in tort plaintiffs allege against defendant in the case at bar.

■ And bar of plaintiffs' action by laches is a fact question, and the burden of proof to establish same is on the defendant. *Crow v. Crow*, CCA (Waco) NWH, 485 S.W.2d 928; *Terrell Hills Baptist Church v. Pawel*, CCA (Austin) NWH, 286 S.W.2d 204; *Arrington v. Cleveland*, CCA (Fort Worth) Er.Ref., 242 S.W.2d 400.

■ Failure of consideration is not a proper defense in a tort claim; and the acceptance by plaintiffs of part of the proceeds of the sale of the property was an accord and satisfaction with Musgrove in the partition suit, and not with defendant Whitten in this tort action.

Plaintiffs' points are sustained.

REVERSED and REMANDED.