Zo Nell DODSON, Appellant,

v.

C. B. DODSON, Dalhart Fuel Consumers' Cooperative and Gooch Feed Mills, Appellees.

No. 6465.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 31, 1955.

Rehearing Denied Feb. 28, 1955.

Hood & Hood, Borger, for appellant.

Davis & McCown, Dalhart, for appellees.

MARTIN, Justice.

Appellee, C. B. Dodson, is the father of Joe D. Dodson, deceased. Appellant, Zo Nell Dodson, is the surviving wife of Joe

D. Dodson, deceased. The issue on appeal is between these two parties although the Consumers' Cooperative and Feed Mill were joined as defendants in the trial court. Appellee was appointed administrator of the estate of his deceased son, Joe D. Dodson, served as such administrator and was discharged upon completion of administration of the estate. Appellant filed an application for a writ of certiorari in Cause No. 4216 in the District Court of Dallam County to review the probate proceedings as to the estate of Joe D. Dodson. This application was denied by the District Court. As to such judgment, notice of appeal was given and an appeal bond was filed in the trial court, but no statement of facts or transcript were ever ordered and filed in the trial court or in the Court of Civil Appeals sitting at Amarillo, Texas.

After the administration of the estate of Joe D. Dodson was closed and the administrator had been discharged and following the procedure as to certiorari, appellant herein filed a suit against appellees in the District Court of Dallam County, Texas, the same being Cause No. 4279. In such cause, she sued to recover certain properties alleged to have been withheld from administration in the County Court and to have been fraudulently converted by C. B. Dodson, appellee herein. The facts as pleaded in the two suits will not be detailed as the pleadings are not material to a disposition of the appeal. Appellee filed a plea in abatement to Cause No. 4279 alleging that cause of action No. 4216, involving the identical parties and subject matter, was still pending on the docket of the District Court of Dallam County at the time Cause No. 4279 was filed in such court. The trial court sustained this plea in abatement and appellant perfected her appeal presenting two points of error. The sole issue on appeal is whether the trial court erred in sustaining appellee's plea in abatement.

Appellant's Second Point of Error alleges "the trial court erred in sustaining the plea in abatement as filed by the appellees, as Cause No. 4216, was not a pending suit of such character as could be plead to establish a plea in abatement in the case at bar". Appellee in his brief of the issue recognizes that Cause No. 4216 must be a pending cause of action in order to abate Cause No. 4279. The parties to this appeal stipulated as to Cause No. 4216 "no statement of facts or transcript was ever ordered and filed in the trial court or in the Court of Civil Appeals sitting at Amarillo, Texas and that the cause was never docketed on the docket of the Court of Civil Appeals". The record reveals that the judgment in Cause No. 4216 is dated the 7th day of August, 1953, the original petition in Cause No. 4279 was filed April 12, 1954 and the above stipulation was made June 22, 1954.

Appellee contends that the filing of an appeal bond in Cause No. 4216 perfected an appeal in said cause and that the cause was pending at the time of the filing of Cause No. 4279 and that since the two causes of action are the same that Cause No. 4279 was subject to appellee's plea in abatement. On such issue, on an appeal from an interlocutory order under Rule 385, Texas Rules of Civil Procedure, the Supreme Court of Texas ruled: "In the first place, it will be noted that Rule 385 makes two requirements for the taking of an appeal * * * towit, (a) filing a bond and (b) filing the record in the appellate court within the time therein specified. It is necessary that both of these steps be taken and not merely one of them in order to comply with the terms of the rule. It necessarily follows that where a statute or rule requires the taking of two steps in order to perfect an appeal, the taking of only one of them is insufficient". Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956, 957, Syls. 2, 3. This same principle is embodied in Rule 386 as to perfecting an appeal from a final judgment. Garrett v. Mercantile Nat. Bank at Dallas, 140 Tex. 394, 168 S.W.2d 636. Applying such principle to the facts in the record and to the stipulation of the parties, Cause No. 4216 was not a pending suit at the time of the filing of Cause No. 4279. "To constitute ground for abatement an action must be pending at the same time as the action to which it is pleaded in abatement." 1 C.J.S.,

Abatement and Revival, § 36, page 61; Priddy v. Business Men's Oil Company, Tex.Civ.App. Amarillo, 241 S.W. 770, Syl. 1, affirmed, Tex.Com.App., 250 S.W. 156; McCall v. Owens, Tex.Civ.App., 68 S.W. 2d 1089, Syl. 1, Writ Refused; Zarsky v. Moss, Tex.Civ.App., 193 S.W.2d 245, Syl. 1; Jones v. Wynne, Tex.Civ.App., 104 S.W.2d 145, affirmed, 133 Tex. 448, 129 S.W.2d 286. The trial court erred in sustaining the plea in abatement and appellant's second point of error is sustained.

■ The ruling made hereinabove disposes of the appeal and there is no necessity for ruling on appellant's First Point. Appellant in briefing such point has raised an issue as to identity of the parties in the two causes of action. As to the requirement of identity of parties in the two causes of action, it is noted that to sustain a plea in abatement or a plea of res adjudicata identity of parties is required. Therefore, cases cited on the principle of identity of parties as to res adjudicata would be equally applicable to the same issue as to a plea in abatement.

Appellees, C. B. Dodson, was sued in his own name in Cause No. 4216, but it is clear from the petition that the cause of action was against him as administrator for the purpose of reviewing the probate proceedings of the County Court. Appellant's pleadings state in Paragraph 3 thereof "plaintiff herein seeks by this petition to revise the final account of C. B. Dodson, defendant (also known as C. B. Dodson, Sr.), administrator of the estate of said deceased". The second suit, Cause No. 4279, seeks relief against appellee, C. B. Dodson, in his individual capacity alleging he withheld certain funds and property from administration with intent to defraud appellee as to the same. It does not appear that appellee, C. B. Dodson, was a defendant in Cause No. 4216 in the same capacity as that in which he was sued as a defendant in Cause No. 4279. Appellant's first point of error does not clearly point up this specific proposition although the discussion under the point presents the issue indirectly. The same will not be further discussed herein as the issue may be clarified on a retrial of the cause. 50 C.J.S., Judgments, § 775, page 304; Davis v. First Nat. Bank of Waco, Tex.Com.App., 139 Tex. 36, 161 S.W.2d 467, Syl. 15, 144 A.L.R. 1; Richardson v. Reid, Tex.Civ.App., 188 S.W.2d 248, Syl. 4, page 253; Hardin v. Hardin, Tex. Civ.App., 1 S.W.2d 708, Syl. 3; McCall v. Owens, supra.

The judgment of the trial court is reversed and the cause is remanded.