CHILDRESS COUNTY, Appellant,

v.

L. A. SACHSE, Appellee.

No. 6744.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 3, 1958.

Rehearing Denied March 3, 1958.

Charles L. Reynolds, Childress, for appellant.

W. T. Link, Clarendon, for appellee.

PITTS, Chief Justice.

Appellee, L. A. Sachse, and appellant, Childress County, Texas, each sought respectively, by verified motions duly filed, a summary judgment favorable to the pleaders, respectively, under the provisions of Rule 166–A, Texas Rules of Civil Procedure, and in support thereof each alleged "there is no genuine issue to any material facts to be adjudicated." The record contains pleadings, affidavits, certain admissions of fact, stipulations of the parties and the oral testimony only of appellee, L. A. Sachse.

Based upon the record, we find that appellee, L. A. Sachse, on March 5, 1957, filed suit against appellant, Childress County, for the recovery of his salary and necessary expenses as a County Commissioner of Precinct 3 of Childress County, Texas, for the remainder of his elective term for a period extending from April 1, 1955, to January 1, 1957, and made the county judge, four county commissioners, county clerk and county treasurer nominal party defendants thereto only in their respective official capacities for the purpose only of enforcing the collection of his salary and expenses if such be awarded to him by judgment. Appellant joined issues with appellee and further pleaded defenses of res judicata collateral attack and an estoppel in effect, and also joined appellee in presenting the record in full to the trial court for the determination of the legal questions involved. On June 21, 1957, the trial court heard the parties, considered their respective motions for summary judgment, all other pleadings, affidavits, stipulations, admissions of fact and additional evidence, after which it sustained appellee's motion for summary judgment and awarded him judgment against Childress County only for his salary for the period of time sued for at the rate of $183.33 per month making a total of $3,849.93 and directed the payment thereof but denied recovery of any expense account, from which judgment all of the party defendants duly gave notice of appeal but submitted a brief in the case only on behalf of "Appellant, Childress County." The said appellant contends that the trial court erred in its failure to render summary judgment for it because of the doctrine of res judicata, and in effect because of the doctrine of estoppel; because appellee's suit was a collateral attack made upon the proceedings of the Childress County Commissioners' Court; because appellee's office as County Commissioner of Precinct 3 of Childress County became vacant when the Commissioners' Court of said county established new precinct boundary lines; and because there

existed genuine issues of fact to be determined.

█ The last contention made will be first considered. In our opinion appellant's contention to the effect that error was committed because there existed genuine issues of fact to be determined must be overruled because in our opinion there existed no genuine material fact issues to be determined and because such contention in any event is contrary to and inconsistent with appellant's admissions pleaded in its verified motion for a summary judgment. Appellant should not now be heard to deny or seek to refute an affirmative admission there made in its pleadings.

The record reveals that the material facts were not controverted and were in effect, as taken mostly from appellant's brief, as follows: that on January 1, 1955, there existed four established commissioners' precincts in Childress County, Texas; that appellee, L. A. Sachse, had been duly elected to the office of Commissioner of Precinct 3 of said county at the General Election held in November, 1954, had duly qualified and had taken office on January 1, 1955, and was serving in such capacity when on March 4, 1955, the Commissioners' Court of the said county entered an order by a majority vote abolishing the existing four commissioners' precincts and establishing four new commissioners' precincts with new boundary lines to become effective thereafter on April 1, 1955; that appellee and one other County Commissioner, Louis Richards, abstained from voting to change the boundary lines of the commissioners' precincts but two County Commissioners, O. T. Rothwell and John Turk Fowler, and the County Judge, Leonard King, voted for such re-establishment of new commissioners' precinct lines; that on April 1, 1955, County Judge Leonard King made and entered an order to the effect that "There now exists a vacancy in the office of County Commissioner of Precinct 3 of Childress County, Texas" and pro-

ceeded to appoint one Robert G. Kiker County Commissioner of Precinct 3 of Childress County to succeed appellee, L. A. Sachse, and to serve until the next General Election (the said county judge likewise declared vacancies in each of the other commissioners' precincts but he reappointed the other three previous county commissioners respectively to succeed themselves); that on the next day, April 2, 1955, appellee herein, L. A. Sachse, as plaintiff, filed suit in Cause No. 4159 in the District Court of Childress County, Texas, against County Judge Leonard King and County Commissioners O. T. Rothwell, John Turk Fowler, Louis Richards and Robert Kiker, each individually and in his official capacity, seeking to set aside and hold for naught the order of the three members of the Commissioners' Court passed on March 14, 1955, purporting to re-district Childress County into new and different commissioners' precincts and seeking to have it declared that the commissioners' precinct lines be adjudicated to be the same as they were previously established and as they existed on January 1, 1955; that the said named party defendants joined issues in that action with L. A. Sachse as party plaintiff; that such action was thereafter heard by the trial court on August 23, 1955, and the relief therein sought by plaintiff, L. A. Sachse, was in all things denied by a final judgment duly entered; that thereafter on December 15, 1956, appellee herein, L. A. Sachse, presented a claim to the Commissioners' Court for his salary and expenses as County Commissioner of Precinct 3 of Childress County from April 1, 1955 to January 1, 1957, which claim was in all things denied and refused by the Commissioners' Court of Childress County; that on March 5, 1957, L. A. Sachse as party plaintiff and as appellee herein filed this action, No. 4357, in the trial court against Childress County seeking judgment for the collection of his said salary and expenses as previously herein recited; that appellee had resided within the boundaries of Precinct 3 of Childress

County continuously since 1936 and so resided there on March 14, 1955; that the newly established boundary lines left appellee out of the new Commissioners' Precinct 3, but a few days after the order of March 14, 1955 was passed creating new commissioners' precinct boundary lines and a few days prior to April 1, 1955, on which latter date the county judge declared the office appellee was then holding to be vacant, appellee moved into the new Precinct No. 3, but after his office had been declared vacant and Robert Kiker had been appointed to succeed him, he moved back to his old home in Precinct 3 and continued to reside there and at all times in Childress County where he remained ready and willing to continue his services as County Commissioner.

It was agreed by stipulation of the parties that appellee, L. A. Sachse, was a resident of Commissioners' Precinct 3 of Childress County when he was duly elected as County Commissioner thereof at the General Election held in November, 1954, duly qualified as such officer on January 1, 1955, and performed the duties of the office at a fixed salary of $183.33 per month until his office was declared vacant by the county judge on April 1, 1955; that the annual salary of a county commissioner of Childress County had been fixed at $2,200 or $183.33 per month and an expense account of $50 per month had been fixed and allowed each commissioner; that the monthly salary of $183.33 or any part thereof had not been paid to appellee, L. A. Sachse, from April 1, 1955, to January 1, 1957; that on April 1, 1955, the county judge of Childress County declared the office of Commissioner of Precinct 3 vacant and appointed Robert Kiker to succeed appellee with Kiker to so serve until the next general election; that Childress County and its officers refused to pay appellee, L. A. Sachse, any further salary as a County Commissioner after April 1, 1955.

■ Based upon these related uncontroverted facts, appellant contends that because of the former suit filed by appellee, he is barred from recovery by reason of the doctrine of res judicata and the doctrine of estoppel. In our opinion such contentions are not well founded. It will be observed that appellee's claims for official salary had not accrued on April 2, 1955, when he filed the first suit herein mentioned and he could not therefore have sued for it in that suit. The rule of res judicata or estoppel does not apply in the case at bar because the first suit was filed by appellee against the members of the Commissioners' Court individually and in their respective official capacities seeking to set aside the order passed by a majority vote of the Commissioners' Court on March 14, 1955, purporting to re-establish new commissioners' precincts. Childress County was not made a party to that suit and no relief was there sought against the county while Childress County is the principal party defendant to the instant suit and other named parties are merely nominal parties, who have not filed a brief in this Court. It can not be successfully contended that Childress County was a party to the first suit filed simply because the members of the Commissioners' Court were sued individually and officially. Davis v. Wildenthal, Tex.Civ. App., 241 S.W.2d 620; Scott v. Graham, Tex., 292 S.W.2d 324. The opinion in the last case cited also refutes appellant's attempt to invoke the doctrine of res judicata in this case. It has been many times held that in order to invoke the doctrines of res judicata and estoppel in a situation such as we find here, the identity of the principal parties must be shown to have been the same in the two suits. Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387, 169 A.L.R. 174; Lowe v. Ragland, Tex., 297 S.W.2d 668; Dodson v. Dodson, Tex.Civ.App., 277 S.W.2d 278; Maryland Casualty Co. v. Hendrick Memorial Hospital, 169 S.W.2d 969; Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

■ Appellant's contention to the effect that appellee by the instant suit has made

a collateral attack upon the order of the Commissioners' Court of date March 14, 1955, establishing new boundary lines for the Commissioners' Precincts in Childress County is not supported by the record. Such order did not purport to remove appellee from his office or attempt to abolish appellee's office or to create a vacancy therein. In the action before us according to the record, appellee has not attacked such order of the Commissioners' Court collaterally or otherwise.

Finally, appellant contends that the order of the Commissioners' Court passed by a majority vote on March 14, 1955, effective on April 1, 1955, re-establishing new boundary lines for the Commissioners' Precincts had the legal effect of vacating appellee's office as well as those of the other Commissioners' Precincts and appellee was not thereafter appointed to succeed himself as were the other three commissioners. Appellee does seriously contest this contention made by appellant and charges that the order passed by a majority of the Commissioners' Court on March 14, 1955, did not purport to vacate his office of Commissioner of Precinct 3 or to remove him from office. Appellee has here attacked also the order of the county judge in his attempt without legal authority to abolish appellee's office of County Commissioner of Precinct 3 of Childress County, to declare the same vacant and to attempt without legal authority to appoint Robert G. Kiker to succeed appellee and serve the remainder of the term in office. Appellee contends here that such action by the county judge was void.

The State Constitution, Article V, Section 24, Vernon's Ann.St., provides that:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and *other county officers,* may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or *other causes defined by law,* upon the cause therefor being set forth in writing and the finding of its truth by a jury." (Emphasis added.)

Article XV, Section 7 of the State Constitution provides that:

"The Legislature shall provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution."

■ Where the State Constitution prescribes the manner of removing a public official, neither the Legislature, Executive officers nor the Judiciary can act beyond the limitations of the Constitution. Travelers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W.2d 1007, 96 A.L.R. 802.

■ In compliance with the provisions of the State Constitution, however, the Texas Legislature has passed laws for the removal of county officers from office and has prescribed the methods for removing them if and when desired. Arts. 5970–5997, both inclusive. Such a procedure must be sworn to and conducted in the name of the State of Texas, heard in the proper district court with the charges set forth in writing and the truth of such found by a jury. These statutory provisions have been many times construed and sustained by the Texas courts as reflected by the citations shown under the said provisions respectively found in Vernon's Annotated Civil Statutes. Under the various constructions given the statutes by the Texas courts, such in our opinion apply to a situation such as we find here.

■ In the case of Ehlinger v. Rankin, 9 Tex.Civ.App. 424, 29 S.W. 240, 241, the court held in part that:

"The commissioners' court have not the authority to judicially determine a right of one to an office, or to remove a legally qualified officer from his office, for the jurisdiction in this matter lies within the exclusive cognizance of the district court; * * *."

Texas Jurisprudence, Vol. 11, pages 578–579, Section 49, says in part:

"The commissioners' court of a county has no authority to remove from office any county official or to declare a vacancy in any such office; such authority is vested alone in the District Court."

In the case of Hamilton v. King, Tex. Civ.App., 206 S.W. 953–954, the court said in part:

"There can be no doubt of the correctness of the contention made by appellant that the commissioners' court of a county in this state has no authority or power to remove from office any county official or to declare a vacancy in any such office, but such authority seems to be vested alone in the district court. Constitution of the State of Texas, art. 5, § 24."

"While a change of boundary lines of commissioner districts, or a redistricting, does not deprive a county commissioner of the right to hold office for the rest of his term, although by reason of the change his residence is without the district from which he was elected, provided it is still within the county, still he does not by becoming a resident of another district, become entitled to succeed the official in that district after the expiration of his term." 20 C.J.S. Counties § 77, p. 840 and 15 C.J. 452.

According to the record before us and under the cited and numerous other authorities it clearly appears that appellee, L. A. Sachse, was never legally removed from office; neither was his office legally vacated or abolished. On the contrary he had a constitutional and legal right to serve as County Commissioner of Precinct 3 until his term expired by law on January 1, 1957.

In our opinion the authorities cited and relied upon by appellant do not apply to the facts here presented and are not controlling in any event. However, it will be observed that in the case of Brown v. Meeks, Tex.Civ.App., 96 S.W.2d 839, 840, cited and relied upon by appellant, involving an election contest of constable, the Commissioners' Court of Bexar County, Texas, passed an order on April 1, 1936, re-districting justices' precincts in that county "to become effective on January 1, 1937" which latter date was the date the tenure of old officers expired and the tenure of new officers began. If the Commissioners' Court of Childress County had followed the procedure of that commissioners' court and most others of like import under such circumstances, litigation would likely have been avoided.

"* * * where an attempt to abolish an office is invalid and ineffectual, the incumbent may recover the salary affixed to it, if he is willing to perform the duties of the office and is prevented from doing so through no fault of his own." 34 Tex.Jur. 516, Sec. 109.

For the reasons stated appellant's points of error are all overruled and the judgment of the trial court is affirmed.