

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 20, 1958

Mr. Leo Brewster, President
State Bar of Texas
509 W. T. Waggoner Building
Fort Worth, Texas

Opinion No. WW-522

Re: Terms of the Harris County
Director of the State Bar
of Texas and members of
the Grievance Committee,
following division of that
county into an additional
Congressional District.

Dear Mr. Brewster:

In your recent letter you have propounded two questions for the consideration of this office.

"1. Can W. Sears McGee, a resident of
that portion of Harris County, Texas, that
is soon to become Congressional District No.
22, serve as Director of the State Bar for
said District No. 22, on the theory that he
is entitled to complete the three year term
beginning July, 1957, for which he was elect-
ed by the lawyers of Harris County, Texas, at
a time when that entire County comprised
Congressional District No. 8?

"2. Can the Grievance Committee for Con-
gressional District No. 8, all of whom live in
that portion of Harris County, Texas that is
soon to become Congressional District No. 22,
serve as members of the Grievance Committee
for District No. 22 for the balance of the
terms for which they were originally appoint-
ed, without any further action in the way of
re-appointment?"

You further state that Mr. McGee was elected State
Bar Director for the Eighth Congressional District in June,
1955, for a three-year term commencing July 6, 1957. There-
after, by the provisions of House Bill 229, Acts of the 55th
Legislature, Regular Session, 1957, Chapter 286, page 681,
codified as Article 197a of Vernon's Civil Statutes, Harris
County was divided into two Congressional Districts --

Nos. 8 and 22 -- and that Mr. McGee lives in that part of the county which is now the 22nd Congressional District.

It is apparent that Section 2 of Article VI, Rules Governing the State Bar of Texas, quoted as follows, contemplates that each Congressional District be represented on the Board of Directors of the State Bar by a resident of that District:

> "Each elected Director shall be a resident of the district for which he is elected and upon removal from the district shall thereby automatically vacate his office.  . . .

> "If there be any vacancy, the President shall appoint some member who is a resident of the district in which the vacancy exists to serve until the next regular annual election of Directors."

In addition, the recent case of Childress County v. Sachse, 310 S.W.2d 414, and affirmed by 312 S.W. 2d 380, is analagous to the situation presented here.  In that case, the Commissioners' Court changed the boundaries of the commissioners' precincts, which resulted in placing Commissioner Sachse's residence in a precinct different from that from which he was elected.  The Commissioners' Court promptly declared a vacancy and appointed another individual to serve the remainder of Sachse's term.  Sachse sued the county seeking to recover the salary of the office for that part of the term after his "removal".  The Court of Civil Appeals affirmed the District Court's judgment for Sachse by relying upon and quoting 20 C.J.S. 840:

> "'While a change of boundary lines of commissioner districts, or a redistricting, does not deprive a county commissioner of the right to hold office for the rest of his term, although by reason of the change his residence is without the district from which he was elected, provided it is still within the county, still he does not by becoming a resident of another district, become entitled to succeed the official in that district after the expiration of his term.'"   (Emphasis ours)

The Supreme Court affirmed, using the following language:

" . . . We approve the holding of the
Court of Civil Appeals that changes in pre-
cinct boundaries do not create a vacancy in
the office of County Commissioner or deprive
the incumbent of the right to hold office,
for the remainder of his term, even though
by reason of such changes his residence is
not within the precinct as redefined."

Even though the Supreme Court failed to make reference
to the latter part of the quotation by the Court of Civil Ap-
peals concerning the right of the Commissioner to succeed to
the official of the district of his residence after the change
of boundary, the language in the opinion of the Court of Civil
Appeals would, in our opinion, preclude Mr. McGee from com-
pleting the remainder of his elected term as Director of a
Congressional District different from that from which he was
elected.

Considering the foregoing, it is our opinion that
your first question must be answered in the negative.  It
might be added, however, that the language of the Sachse case,
along with the authorities cited therein, establishes the
right of Mr. McGee to continue to serve as State Bar Director
from the 8th Congressional District, from which he was elected,
until the expiration of his term.

Regarding your second question as to whether those
appointed to the original Grievance Committee, District No. 8,
may continue to serve as members of Grievance Committee, Dis-
trict No. 22, without the necessity of re-appointment, Sec-
tion 4 of Article XII of the Rules of the State Bar of Texas,
provides in part as follows:

"In making appointments for the first
time after this amended rule has been adopted
and become effective, or after Congressional re-
districting, or after change in boundaries of
districts, the President shall specify which
members of the Committee whose terms have not
expired shall serve for one more year, which
for two more years, and which, if any, shall
serve for three more years, and likewise with
reference to appointments then being made,

which members shall serve for one, two or three years, to the end that thereafter the terms of approximately one-third of the Committee shall expire each year."

It is apparent that those members of the Grievance Committee whose terms have not expired, may continue to serve in the district of their residence after the Congressional re-districting, for such a term as the President of the State Bar may prescribe, without the necessity of re-appointment.

## SUMMARY

After a Congressional re-districting which divides the 8th Congressional District into Congressional Districts Nos. 8 and 22, a Director of the State Bar of Texas, elected from the original 8th Congressional District, does not have a right to continue his term as a Director of the 22nd Congressional District, where his residence after the redistricting is in the 22nd Congressional District; but he may continue to serve as Director of the 8th Congressional District for the remainder of his term.  However, the members of the Grievance Committee, District No. 8, whose terms have not expired, may continue to serve in such capacity in the District of their residence, after a Congressional re-districting, for such term as the President may designate, without the necessity of re-appointment.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John L. Estes
John L. Estes
Assistant

JLE:ci:zt

APPROVED:
OPINION COMMITTEE
Geo. P. Blackburn, Chairman

L. P. Lollar
Ray V. Loftin, Jr.
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert