

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 5, 1973

Honorable David R. White
County Attorney
120 East North St
Uvalde, Texas 78801

Dear Mr. White:

Opinion No. H- 97

Re: Effect of county redistricting
upon unexpired terms of
county commissioners and
upon local option status

Your letter of May 17, 1973, advises that "Uvalde County is in the process of redistricting its county Commissioners Precincts", and makes the following inquiries:

> "Question No. 1. Our Commissioners, of course, are elected for a four year term as provided in Article 5-18 of the Texas Constitution. I would also refer you to Attorney General Opinion in 1945, No. O-6905. When this redistricting is done will our commissioners serve out their terms, even though some of them do not live in their new district?

> "Question No. 2. What happens if we included a portion of the County which is dry with a portion of the County which is wet in these new districts? "

Question No. 1 is controlled by Article 2351 1/2 (b), V.T.C.S., which provides:

> "(b) When boundaries of commissioners precincts are changed, the terms of office of the commissioners then in office shall not be affected by such change, and each commissioner shall be entitled to serve for the remainder of the term to which he was elected even though the change in boundaries may have placed his residence outside of the precinct for which he was elected. "

The statute codified the controlling case law in existence in 1965 when it was adopted. In <u>Childress County v. Sachse</u>, 310 S. W. 2d 414 (Tex. Civ. App., Amarillo, 1958, writ ref'd, n. r. e.), the Court determined that, where the redistricting of a county placed an incumbent County Commissioner outside of his precinct, the Commissioner had a legal right to hold office until his term expired. The Supreme Court of Texas, in refusing the application for writ of error [<u>Childress County v. Sachse</u>, 158 Tex. 371, 312 S. W. 2d 380 (1958)], specifically approved of the Court of Civil Appeals' holding by saying:

> " . . . We approve the holding of the Court of Civil
> Appeals that changes in precinct boundaries do not
> create a vacancy in the office of County Commissioner
> or deprive the incumbent of the right to hold office for
> the remainder of his term, even though by reason of
> such changes his residence is not within the precinct
> as redefined. 310 S. W. 2d 414. "

Accordingly, the answer to your first question is that, after redistricting, your present commissioners may serve out their respective terms of office without residing in the newly established precincts.

Your second inquiry involves the effect of redistricting upon wet or dry territory established by previous local option elections.

Article 16 § 20 of the Texas Constitution provides the authority for local option elections. Article 666-32 of the Texas Penal Code implements the constitutional provision. The general rule is that where the voters, by an election, have adopted a local option status, subsequent reorganization of the area with new boundaries does not affect the local option status within the territory originally encompassed by the election. <u>Houchins v. Plainos</u>, 130 Tex. 413, 110 S. W. 2d 549 (1937); <u>Bullington v. Lear</u>, 230 S. W. 2d 290 (Tex. Civ. App., El Paso, 1950, no writ); <u>Goodie Goodie Sandwich v. State</u>, 138 S. W. 2d 906 (Tex. Civ. App., Dallas, 1940, writ dism'd., jmnt. cor.); <u>Ex Parte Pollard</u>, 51 Tex. Crim. 448, 103 S. W. 878 (1907). And see Attorney General Opinion H-59 (1973).

You are therefore advised that areas affected by redistricting will retain their wet or dry status until changed by a new election called for that purpose.

### SUMMARY

1. After the redistricting of Uvalde County, the present county commissioners may serve out their terms of office without residing in the new precincts established by such redistricting.

2. Areas affected by redistricting will retain their wet or dry status enjoyed prior to any redistricting action of the commissioners court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee