THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

April 27, 1973

The Honorable Lynn Cooksey
Criminal District Attorney
Bowie County
412 Texas Boulevard
Texarkana, Texas 75501

Opinion No. H- 35

Re: Questions concerning
salaries, expenses and
removal of justices of
the peace.

Dear Mr. Cooksey:

Your request for our opinion poses the following questions:

1. Is the Commissioners Court of Bowie County
limited by Article 3912i, Vernon's Annotated Civil
Statutes, in setting justices' of the peace salaries
beginning January 1, 1973, or does Article 3912k,
Vernon's Annotated Civil Statutes, apply?

2. Does Article 3936f-1, Vernon's Annotated
Civil Statutes, limit the amount of fees that a
justice of the peace in Bowie County, paid on a
fee basis, can retain as his compensation for the
year of 1972, or does Article 3912k, Vernon's Anno-
tated Civil Statutes, apply?

3. Can the Commissioners Court of Bowie County
provide a secretary for a justice of the peace under
the provisions of Article 3912k, Vernon's Annotated
Civil Statutes?

4. Can the Commissioners Court take any affirm-
ative action to remove a justice of the peace who has
not satisfied the requirements of Article 5972(b),
Vernon's Annotated Civil Statutes, or withhold pay-
ment of his compensation absent an adjudication of
incompetency and removal by a district court judge?

The scope of Article 3912k, V. T. C. S. (Acts 1971, 62nd Leg., Ch. 622, p. 2019) is set forth in § 1 which provides:

> "Except as otherwise provided by this Act and
> subject to the limitations of this Act, the
> commissioners court of each county shall fix the
> amount of compensation, office expense, travel
> expense, and all other allowances for county and
> precinct officials and employees who are paid
> wholly from county funds, but in no event shall
> such salaries be set lower than they exist at the
> effective dates of this Act. "

The office of justice of the peace is a precinct office (Article 5, § 18, Texas Constitution), and is therefore covered by Article 3912k unless otherwise excepted by § 7, subsection 4 which excepts:

> " . . . judges of all courts of record and all justices
> of the peace, and presiding judges of commissioners
> courts in counties having a population of 1, 700, 000
> or more, according to the last preceding Federal
> census. "

Section 8 of Article 3912k provides:

> "To the extent that any local, special or general
> law, including Acts of the 62nd Legislature, Regular
> Session, 1971, prescribes the compensation, office
> expense, travel expense, or any other allowance for
> any official or employee covered by this Act, that
> law is repealed. "

It is our opinion that the Commissioners Court of Bowie County, in setting justices' of the peace salaries beginning January 1, 1973, is governed by the provisions of Article 3912k, and not Article 3912i.

As to your second question, § 9 of Article 3912k, Vernon's Annotated Civil Statutes, provides that the Act was effective January 1, 1972. In conjunction with the discussion above, it is therefore our conclusion that

Article 3912k, and not Article 3936f-1, determines the compensation of a justice of the peace in Bowie County during 1972 and thereafter.

With reference to your third question, Article 3912k provides for the Commissioners Court to establish the amount of office expense for justices of the peace and others but a secretary is not an office expense.  Casey v. State, 289 S. W. 428 ( Tex. Civ. App. , Texarkana, 1926, err. ref. ).  It provides for compensation, but does not in itself authorize the establishment of any office or position.  However, Article 3902 does allow the Commissioners Court to authorize an assistant.  Once such an assistant has been authorized, his compensation should be set in accordance with Article 3912k, which covers "county and precinct officials and employees. " (Section 1, supra).

With reference to removal of a justice of the peace, Article 5, § 24 of the Constitution of the State of Texas provides as follows:

> "County judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury. "

In Childress County v. Sachse,  310 S. W. 2d 414 ( Tex. Civ. App. , Amarillo, 1958) writ ref. , n. r. e. , 312 S. W. 2d 380 (Tex. 1958), the court held:

> "Where the State Constitution prescribes the manner of removing a public official, neither the Legislature, Executive officers nor the Judiciary can act beyond the limitations of the Constitution. Travelers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S. W. 2d 1007, 96 A. L. R. 802.

> "In compliance with the provisions of the State Constitution, however, the Texas Legislature has passed laws for the removal of county officers from

office and has prescribed the methods for removing
them if and when desired.  Arts. 5970 - 5997, both
inclusive.  Such a procedure must be sworn to and
conducted in the name of the State of Texas, heard
in the proper district court with the charges set
forth in writing and the truth of such found by a
jury. . . ."  (310 S. W. 2d at 419)

It is therefore our opinion that a justice of the peace who has not
satisfied the requirements of Article 5972(b), Vernon's Annotated
Civil Statutes, may be removed only in accordance with the applicable
constitutional and statutory provisions, and that the Commissioners
Court is without authority to take any affirmative action to remove a
justice of the peace or to withhold payment of his compensation,
absent an adjudication of incompetency and removal by a district
court judge.

## SUMMARY

Article 3912k, V. T. C. S. , effective as of January 1,
1972, is the statute by which the compensation and expenses
of a justice of the peace of Bowie County and his clerks
and assistants, are to be determined by the Commissioners
Court, which has no authority to remove a justice of the
peace from office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee