

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 11, 1977

Honorable Romeo Flores
Attorney for Jim Wells County
P. O. Drawer 2080
Alice, Texas  78332

Opinion No. H-1069

Re:  Whether a justice of
the peace who moves outside
his precinct vacates his
office.

Dear Mr. Flores:

You have requested our opinion concerning whether a
justice of the peace who moves outside of his precinct thereby
vacates his office.

Article 1.05, Texas Election Code, provides that a
candidate for justice of the peace must have resided in the
precinct for six months.  However, the statutes are silent
with respect to whether he must remain in the precinct after
he is elected and qualifies for office.  Article 16, section
14 of the Texas Constitution requires a justice of the peace
to reside in the county which he serves, but makes no mention
of precincts.

In Attorney General Opinion H-564 (1975) and H-220 (1974)
we ruled that a justice of the peace does not vacate his office
when his residence falls within a new precinct pursuant to
redistricting.  See Childress County v. Sachse, 310 S.W.2d
414 (Tex. Civ. App. -- Amarillo 1958, writ ref'd n.r.e. at
312 S.W.2d 380).  In Attorney General Opinion O-6905 (1945)
this office advised that a county commissioner could move his
residence to another precinct within his county without vacating
his office.

Under these authorities it is our opinion that a justice
of the peace may move to a different precinct of his county
without vacating his office.

### S U M M A R Y

A justice of the peace may move his residence to a different precinct within the county without vacating his office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst