Honorable Romeo Flores Attorney for Jim Wells County P. O. Drawer 2080 Alice, Texas 78332
Re: Whether a justice of the peace who moves outside his precinct vacates his office.
Dear Mr. Flores:
You have requested our opinion concerning whether a justice of the peace who moves outside of his precinct thereby vacates his office.
Article 1.05, Texas Election Code, provides that a candidate for justice of the peace must have resided in the precinct for six months. However, the statutes are silent with respect to whether he must remain in the precinct after he is elected and qualifies for office. Article 16, section 14 of the Texas Constitution requires a justice of the peace to reside in the county which he serves, but makes no mention of precincts.
In Attorney General Opinion H-564 (1975) and H-220 (1974) we ruled that a justice of the peace does not vacate his office when his residence falls within a new precinct pursuant to redistricting. See Childress County v. Sachse, 310 S.W.2d 414
(Tex.Civ.App.-Amarillo 1958, writ ref'd n.r.e. at312 S.W.2d 380). In Attorney General Opinion O-6905 (1945) this office advised that a county commissioner could move his residence to another precinct within his county without vacating his office.
Under these authorities it is our opinion that a justice of the peace may move to a different precinct of his county without vacating his office.
 SUMMARY
A justice of the peace may move his residence to a different precinct within the county without vacating his office.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee