

# The Attorney General of Texas

April 3, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Billy Fred Lacy
Potter County Auditor
Potter County Courthouse
Amarillo, Texas 79101

Opinion No. MW-157

Re: Article 332c, V.T.C.S., and the expenditure of county funds as reimbursement for attorneys' fees incurred in defending an ouster suit.

Dear Mr. Lacy:

You have requested our opinion regarding the authority of Potter County under article 332c, V.T.C.S., to reimburse the Sheriff and County Attorney for the attorneys' fees these two officers incurred while defending an ouster suit brought against them by the District Attorney. The District Attorney brought the action for removal under the terms of article 5970, V.T.C.S., and your question is whether the costs of defending this suit can be borne by the county in accordance with the provisions of article 332c, V.T.C.S. It is our opinion that the employment of private counsel that is provided for in section 3 of the latter article was not intended to include the hiring of such counsel when the action involved is an ouster suit seeking the removal of county officials.

Article 5970, V.T.C.S., and article V, section 24 of the Texas Constitution have been held to require a suit for removal to be brought in the name of the state. As the Texas Supreme Court noted in Garcia v. Laughlin, 285 S.W.2d 191, 194 (Tex. 1955), "[i]ndividual citizens have no private interest distinguishable from the public as a whole and have no right to maintain an ouster suit without being joined by a proper state official."

These suits must follow the procedures set out by the Texas Legislature in articles 5970–5997, V.T.C.S., and must be sworn to and conducted in the name of the State of Texas. Childress County v. Sachse, 310 S.W.2d 414, 419 (Tex. Civ. App. — Amarillo), writ ref'd n.r.e. by per curiam, 312 S.W.d 380 (1958). See V.T.C.S. art. 5977 (proceedings conducted in name of state).

Article 332c, V.T.C.S., was enacted to provide legal representation to county officials and employees who are sued while in the performance of public duties and are the subject of an action brought by a "nonpolitical

entity."   Section 1 of this act states that a "nonpolitical entity" does not include "the state, a political subdivision of the state, a city, a special district, or other public entity." It is clear that the State of Texas is a political entity, and therefore article 332c does not authorize the payment of attorneys' fees. See Letter Advisory No. 24 (1973).

For an analysis of those instances in which the case law permits a city or county to pay the legal fees of officials who have acted within the scope of their official duties see Attorney General Opinions H–887 (1976) and WW–1464 (1962).   See generally Letter Advisory No. 24 (1973).

## SUMMARY

A county cannot rely on the provisions of article 332c, V.T.C.S., as authority to pay the attorneys' fees of officials who are subjected to an ouster suit brought under the provisions of article 5970, V.T.C.S.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Walter Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood