**LOVELESS et al. v. TEMPLE TRUST CO.**

**No. 7823.**

Court of Civil Appeals of Texas. Austin.

April 12, 1933.

Dibrell & Starnes, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

This appeal is from a judgment of the district court in favor of appellee upon the last three of a series of eight notes, together with foreclosure of deed of trust given to secure their payment, all executed by E. C. Brusenhan and wife in November, 1924. Brusenhan and wife were not made parties to the suit.

The record discloses that after the execution of said notes and deed of trust Brusenhan and wife conveyed the land in question, situated in Coleman county, Tex., to H. A. Loveless, in August, 1926, who assumed the payment of the balance due on said series of notes; that in March, 1927, Loveless and wife conveyed the property to Mrs. Martin Sanderson, who as part consideration therefor assumed the payment of the last six of said notes; that Mrs. Sanderson in September, 1927, conveyed said lands to Geo. Lusk, who as part consideration therefor assumed the payment of those same notes; that in April, 1928, Lusk and wife conveyed said land to W. E. Haney, who as part consideration therefor assumed the payment of the last five of said notes. Two other defendants, who are appellants here, were alleged to be claiming some sort of interest in said land, inferior to the lien asserted by the appellee. The judgment for the debt and for foreclosure of appellee's lien was against only the subsequent purchasers, who had assumed payment of the notes.

■ But two propositions are presented on this appeal. The first is that the original makers of the notes and deed of trust are necessary parties to this suit. This contention is not sustained. After sale and conveyance of the property by the original owners, and assumption of the debt by the grantees, the grantees became the principal obligors therein and the original makers only sureties. As such they were not necessary parties to a suit brought by the holder of the notes and lien. Sewell v. Spitzer (Tex. Com. App.) 234 S. W. 1083; Hartfield v. Greber (Tex. Com. App.) 207 S. W. 85; 41 Corpus Juris 737; 50 Corpus Juris 26.

■ The second proposition of appellants is that there being no proof of the execution by Brusenhan and wife of the notes and deed of trust introduced in evidence, there was no evidence to support the verdict and the judgment. This proposition is likewise not sustained. The line of authorities cited by appellants relating to private instruments between the parties has no application to the facts of this case. The cause of action itself was based upon the instruments executed,

and still in the hands of the original payee. They were introduced in evidence. It was not necessary to prove their execution, unless execution thereof by the makers was denied under oath as provided in the statute. This is by virtue of the provisions of the statute itself. No such verified denial was made in this case. See art. 3734, R. S. 1925; Abeel v. Weil, 115 Tex. 490, 283 S. W. 769; 17 Tex. Jur. 693.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.