**A. A. SMITH, Jr., Appellant,**

v.

**OLNEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

**No. 4154.**

Court of Civil Appeals of Texas.

Eastland.

April 21, 1967.

Rehearing Denied May 19, 1967.

**516**

R. J. Balch, Seymour, for appellant.

Thornton, Thornton & Fisher, Rick P. Fisher, Olney, for appellee.

WALTER, Justice.

Olney Federal Savings and Loan Association recovered a summary judgment against A. A. Smith, Jr., for a deficiency following a deed of trust foreclosure. Smith has appealed.

Wayne Bingham executed a note and deed of trust to the association. Smith purchased the property involved from Bingham and assumed and agreed to pay the debt held by the association. The association did not make Bingham a party to this suit. We find no merit in Smith's point that Bingham is a necessary party. In Loveless v. Temple Trust Company, 59 S.W.2d 883, (Tex.Civ. App., 1933, writ ref.), the court said:

"But two propositions are presented on this appeal. The first is that the original makers of the notes and deed of trust are necessary parties to this suit. This contention is not sustained. After sale and conveyance of the property by the original owners, and assumption of the debt by the grantees, the grantees became the principal obligors therein and the original makers only sureties. As such they were not necessary parties to a suit brought by the holder of the notes and lien."

Appellant says a fact issue was presented on whether or not the association elected to proceed against Bingham rather than him. When the association foreclosed under its deed of trust, it named only the original makers of the note and deed of trust and did not name Smith in the notices. Appellant's contention that the association made an election to proceed against the original maker cannot be sustained. In Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147, (1912), the court, quoting from Jones on Mortgages, said:

" 'A sale regularly exercised under a power is equivalent to strict foreclosure by a court of equity properly pursued.' "

and from an Alabama case [Aiken v. Bridgeford, 84 Ala. 295, 4 So. 266],

" 'when a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemp-

tion by a privity of estate with him are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular subpoena in an ordinary foreclosure suit.' "

■ Appellant contends a material fact issue exists on the question of whether the association purchased the property at the foreclosure sale for an inadequate consideration. In Sparkman v. McWhirter, 263 S.W.2d 832, (Tex.Civ.App., 1953, writ ref.), the court said:

"Concerning numerous of the fact allegations set forth in appellants' cross action, the following conclusions are obvious: (1) That the trustee's sale will not be avoided merely because of inadequacy of price. Thornton v. Goodman, Tex.Com.App., 216 S.W. 147; for avoidance and in conjunction, there must be evidence of irregularity, though slight; which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price * * *."

The record shows no such irregularity.

■ Lastly, appellant says a fact issue existed on the question of merger of the title and lien in the association to the extent that it was denied the right to seek a deficiency judgment against him.

■ We have concluded that the rights to sell under the deed of trust and to collect the deficiency by suit were cumulative.

In Rushing v. Hall, 74 S.W.2d 761, at page 763 (Tex.Civ.App.1934, no writ history), the court said:

"Under the first three propositions presented in appellants' brief, it is very earnestly insisted that plaintiff, by pursuing his remedy of sale of the land under the deed of trust for the amount due on the three notes to secure which the trust deed was executed, estopped himself from suing defendants to recover the balance due upon the three notes, and also the amount due upon the $750 note assumed by the defendants. We cannot agree with appellants' counsel in this view of the law applicable to the facts of this case. * * * Certainly the parties to the deed of trust never contemplated that, if the land failed to sell for enough to pay the three notes, the holder of the notes and the deed of trust must accept the proceeds of the sale in full satisfaction of the three notes and all other indebtedness of defendants secured by a lien on the land. There is to our minds no rule of equity, law, or reason requiring such effect to be given the sale of the land under the provisions of the deed of trust."

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.