**FLATO BROTHERS, INC., et al.,
Appellants,**

v.

**BUILDERS LOAN COMPANY OF DALLAS,
Appellee.**

**No. 17493.**

Court of Civil Appeals of Texas,
Dallas.

July 10, 1970.

**156**

Fred C. Auforth, Auforth & Bonniwell, Corpus Christi, for appellants.

F. Ward Steinbach, Crozier & Steinbach, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Builders Loan Company of Dallas, Texas, hereinafter called Builders, filed this suit against appellants Flato Brothers, Inc. and Robert H. Flato and Fred Flato individually. Appellants have appealed from a deficiency judgment following foreclosure of a deed of trust lien against several tracts of land in Nueces County.

On April 3, 1968 appellant Flato Brothers, Inc. executed a note and deed of trust in the principal amount of $206,245 payable 360 days after date. Appellants Robert H. Flato and Fred Flato executed a written agreement as guarantors of payment of the note.

Many of the facts are undisputed. Only the sum of $85,000 of the face amount of the note was actually disbursed by Builders to Flato Brothers, Inc. On January 20, 1969 a payment of $7,500 was received by Builders and parts of the real property were released. This left a balance of $77,500 principal owed by Flato Brothers, Inc.

The above balance was not paid by Flato Brothers, Inc. 360 days after execution of the note. Builders thereafter made demand on appellants for payment. Failing to receive payment of the balance due Builders caused notice of sale of the real property to be posted and at a trustee's sale held July 1, 1969 the property was sold to Builders for $50,000, that being the highest and only bid. The property was sold by the trustee subject to a prior mortgage of $75,000.

Appellants were represented at the sale by Louis C. Schmidt, Secretary of Flato Brothers, Inc. Builders was represented at the sale by Drake McKee, President of Builders.

On September 11, 1969 this suit for a deficiency judgment was filed against appellants.

On October 23, 1969 Builders filed its motion for summary judgment supported by affidavits.

On November 26, 1969 appellants filed a pleading designated "Cross-action of the Defendants," in which they pray for damages for alleged wrongful foreclosure "or vacation of the foreclosure sale" and for general relief.

On January 29, 1970 the court sustained Builders' motion for summary judgment and entered judgment against appellants for $35,740.12 plus interest of $2,084.81 and attorney's fees of $3,782.49 as provided by the note. An order was entered overruling a plea in abatement filed by appellants and also judgment was rendered against appellants on their cross-action.

In their first point of error appellants claim that there were irregularities in foreclosure sale which caused the property to be sold for a grossly inadequate price, and that their pleadings and sworn affidavit raised fact issues with respect to said defense. We see no merit in appellants' first point.

It is undisputed that Builders took all the steps prerequisite to a legal trustee's sale. It is the alleged inadequacy of the price for which the property was bid in by Builders that is the subject of this controversy.

In his affidavit opposing summary judgment Louis C. Schmidt states that the value of the property foreclosed on was

$164,000 with an indebtedness owing to Builders of only $77,500. This was no more than a statement of opinion. H. & T. C. R. Co. v. Ellis, 111 Tex. 15, 224 S.W. 471, 474 (1920); State v. Haire, 334 S.W. 2d 488, 491 (Tex.Civ.App., Austin 1960, writ ref'd n.r.e.). Furthermore Schmidt fails to take into consideration the undisputed fact that the property sold to Builders for $50,000 was subject to a prior mortgage of $75,000.

■■ In his affidavit Schmidt also says that he tendered McKee a warranty deed to the property which McKee declined to accept. He states further that McKee, representing Builders, told him that he, McKee, would bid the property in for the full amount of the indebtedness owed to Builders. When McKee bid on only $50,-000 Schmidt says he was so shocked at the inadequacy of the price he failed to raise the bid before the property was sold. But his surprise is no excuse for his failure to enter the bidding in behalf of appellants. McKee's statement, if he made it, was in the nature of a promise concerning a future act, which is not fraud unless it is shown that the promisor at the time he made the promise did not intend to keep it. See Texas Employers' Ins. Ass'n v. West, 320 S.W.2d 55, 58 (Tex.Civ.App., Houston 1959, no writ) and cases there cited.

Schmidt further stated in his affidavit that "Had I realized that Builders Loan Company intended such an unfairly low bid, I somehow would have raised the money or the backing to bid at least the amount of the debt. I am still confident that I would have been successful in this."

Schmidt also states in his affidavit that earlier McKee had told him not to bid unless he had the full amount of the debt, $77,500 plus interest, to pay for the property. But after the sale was completed McKee told him that the property could be bought by a qualified buyer for the amount of the debt with 25 per cent down and one year to pay the balance at 8½ per cent per annum. If it is true that McKee made the statement and had authority to do so it was simply an offer by Builders to sell the property it had bought at the foreclosure sale. There is no showing that appellants or anyone else attempted to accept said offer of sale.

It is undisputed that Schmidt along with Dunn the Trustee and McKee signed as witnesses a written confirmation of the sale of the property for $50,000.[1] The confirmation was unqualified.

■ As we see it, Builders' motion and attached affidavits unless properly controverted established as a matter of law that there were no issues of material fact presented by the record. And Schmidt's affidavit, replete with mere statements of opinion, surmises, hopes, frame of mind, conclusions and other matters not constituting summary judgment evidence, cannot be considered as controverting the material facts proved by Builders' affidavits. Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S.W.2d 590, 594 (1961); Broussard v. Moon, 431 S.W.2d 534 (Tex.Sup.1968); Sparkman v. McWhirter, 263 S.W.2d 832, 838 (Tex.Civ.App., Dallas 1953, writ ref'd); Gibbs v. General Motors Corp., 450 S.W.2d 827, 829 (Tex.Sup.1970); Midwestern Development Co. v. Dunlap, 389

1. The confirmation written on the back of a notice of trustee's sale, is as follows:
"7/1/69
@ 2:18 P.M.
Courthouse door—Nueces County, Texas for $50,000.00 to Builders Loan Co. of Dallas, Texas.
Robert L. Dunn   Trustee
Witnesses:
Louis Schmidt
Drake McKee"

S.W.2d 112 (Tex.Civ.App., Texarkana 1965, writ ref'd n.r.e.).

The general rule is that inadequacy of price will not void a foreclosure sale unless there is also evidence of irregularities in connection with the sale. Castle et al v. Appliance Buyers Credit Corp., 410 S.W.2d 485 (Tex.Civ.App., Dallas 1966, no writ); Sparkman v. McWhirter, 263 S.W.2d 832, 837 (Tex.Civ.App., Dallas 1953, writ ref'd).

Appellants contend that their sworn amended answer may serve as an affidavit for summary judgment purposes. In support of this view they cite Pine v. Gibraltar Savings Ass'n, 427 S.W.2d 714, 718 (Tex.Civ.App., Houston 1968, no writ). Without agreeing or disagreeing with the holding in *Pine* we hold that the affidavit in appellants' sworn amended answer in this case cannot be considered as a summary judgment affidavit since it does not meet the requirements of Rule 166-A, Vernon's Texas Rules of Civil Procedure in regard to personal knowledge of affiant or his competency to testify, etc.

Appellants' first point is overruled.

In their second point appellants assert that their verified pleadings and sworn affidavit raised fact issues with respect to the defense of payment in full. The only basis alleged for the claim of payment is this: if Builders had bid an adequate price at the foreclosure sale the amount so bid would have been sufficient to pay in full the amount due on the note. It is undisputed that appellants made no money payment except the $7,500 heretofore mentioned.

The record does not show any fact issue in regard to appellants' claim of payment. Schmidt's statement is a mere conclusion. His affidavit includes this averment:

"In truth and in equity the Plaintiff in this case is not entitled to recover a cent against Flato Brother, Inc., or Robert H. Flato or his brother, Fred Flato, because the property was sold at a grossly unfair price and under conditions that were equally unfair and over-reaching as I have stated.

"Builders Loan Company of Dallas, Texas, I understand, is now the owner of the properties that were foreclosed July 1, 1969. They have received payment of every cent that was ever owed them by my employer, Flato Brothers, Inc., *by reason of what I have said above* and in addition, they have profited handsomely in addition." (Emphasis ours.)

Appellants' amended answer for the most part parallels Schmidt's statements.

We have held in connection with our consideration of appellants' first point that inadequacy of consideration is not a sufficient defense unless coupled with an irregularity in the foreclosure. We also hold in effect that there is no evidence of any irregularity here. Such being the case there is no basis in fact for appellants' claim of payment because of the inadequacy of the price bid and no merit to appellants' second point. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1959); Manney & Co. v. Texas Reserve Life Ins. Co., 407 S.W.2d 345, 352 (Tex.Civ.App., Dallas 1966, no writ); Schull v. Lower Neches Valley Authority, 416 S.W.2d 505, 509 (Tex.Civ. App., Beaumont 1967, writ ref'd n.r.e.). Appellants' second point is overruled.

In their third point appellants take the position that the court erred in disposing of their cross-action without notice or hearing.

The unsworn pleading filed November 26, 1969 and designated as a cross-action by appellants is more properly designated as a compulsory counterclaim. Rule 97(a), T.R.C.P. In it appellants ask for "damages as aforesaid or vacation of the foreclosure sale * * *." The grounds alleged are substantially the same as the grounds alleged by way of defense in appellants' amended answer. The subject

matter of the counterclaim undoubtedly arises out of the same transaction or occurrence that is the subject matter of Builders' claim. Appellants reiterate their claim that the foreclosure sale was invalid because of an inadequate price and that if the property had been bid in for its full value their debt to Builders would have been paid in full.

 The record discloses that appellants gave notice of appeal from the judgment rendered against them on January 29, 1970. But it does not show that they asked for a continuance, or attempted to do so with reference to the court's action in determining their counterclaim, or that they asked for any delay of the hearing on their claim. There is no bill of exceptions or other showing of any objections at the time to the court's action in proceeding to judgment on the counterclaim. We overrule appellants' third point.

In their fourth point appellants say that the sworn pleadings of appellants Robert H. Flato and Fred Flato, guarantors, clearly raised fact issues that their guaranty was unenforceable.

They rest their claim on the inadequacy of the price paid by Builders at the foreclosure sale and also on the fact that Builders disbursed only $85,000, though the face amount of the note was $206,245. This latter fact they say constituted an alteration of their contract, therefore they are discharged as guarantors. We do not agree with appellants.

It is true that the rule of *strictissimi juris* applies in dealing with guaranty contracts.

However in this case we find no evidence that the contract between Builders and Flato Brothers, Inc. was in the least altered in any way. There is no evidence that Builders refused to lend the full $206,245 to Flato Brothers, Inc. In fact appellants in their sworn amended answer say that "The plaintiff was willing to loan the defendants $206,245.00 * * *." Builders was certainly under no duty to require the primary debtor to draw down the full amount of the loan. It is undisputed that $85,000 was actually advanced on the note.

The guaranty was unambiguous and unconditional. The individual guarantors were also officers of the corporation which was the primary debtor. They are not in position to deny knowledge of what took place. They made no objection prior to the sale of any irregularity, or defect in the note, or the failure of the primary debtor to draw down the full amount. Appellants' fourth point is overruled.

The judgment of the trial court is affirmed.