EDMUNDSON INVESTMENT COMPANY, et al., Appellants,

v.

FLORIDA TRECO, INC., Appellee.

No. C2936.

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1982.

Thomas A. Collins, Sheinfeld, Maley & Kay, Ronald L. Ramey, Ronald L. Ramey & Associates, Houston, for appellants.

William N. Blanton, III, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appeal is brought from a suit by appellee to recover a deficiency resulting from a foreclosure sale pursuant to a deed of trust. The trial court granted a summary judgment in favor of appellee, and appellants perfected this appeal. We find no error in the judgment below and affirm.

The facts of this case cover an eight year period of negotiation and litigation. In 1972, appellant Edmundson Investment Company (EIC) executed a promissory note in the amount of $2,323,000 payable to Barnett Mortgage Trust, appellee's predecessor in interest. The promissory note was executed in connection with property containing the North Padre Island Beach Hotel (property) in Nueces County, Texas. EIC executed a deed of trust and a security agreement as collateral for the loan, and William L. Edmundson, III (Edmundson) personally guaranteed payment of the note.

In 1974, EIC filed a Chapter XI bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, the Honorable John R. Blinn presiding. At the time of the institution of the bankruptcy proceeding,

EIC was in default of the promissory note with Barnett. (The bankruptcy proceeding did not include Edmundson personally, but only EIC.) An automatic stay provision was instituted in conjunction with the Federal Rules of Bankruptcy Procedure, thereby preventing Barnett from foreclosing its deed of trust on the property.

Barnett instituted a proceeding in the Bankruptcy Court in October, 1977, in an attempt to modify the automatic stay. Subsequently, EIC and Barnett entered into a settlement agreement (Joint Application for Authority to Compromise Controversy) which was heard by the Court on December 8. Through the approved settlement agreement, EIC promised to pay Barnett the outstanding indebtedness on the note in monthly installments, with a $2,000,000 final "balloon payment" due on or before June 30, 1979. In addition the agreement provided Barnett would be exempted from the automatic stay and would have the right to foreclose on its deed of trust should EIC default.

Shortly before the balloon payment was due, Edmundson obtained the permission of the Bankruptcy Court to transfer to him personally all of EIC's assets. Edmundson agreed to assume all of EIC's debts and to personally indemnify all creditors.

In June, 1979, a default occurred on the settlement agreement when appellants failed to make the final balloon payment. Appellee exercised its right to foreclose under the agreement and set a non-judicial foreclosure sale for September 4, 1979. Prior to the foreclosure sale, Edmundson executed and filed a warranty deed on August 31 in an attempt to convey the property to appellee. Appellee, however, went forward with the non-judicial foreclosure sale pursuant to Article 3810, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1981). Appellee was successful in its bid for the property and purchased the same for $1,750,000. Since the purchase price was approximately $405,000 less than the outstanding balance of $2,150,000 owing on the promissory note, appellee filed the instant action in the 157th District Court to make up the deficiency. The trial court granted appellee's Motion for Summary Judgment, and held the appellants jointly and severally liable for the $405,000.

Appellants raise nine points of error on appeal, most of which can be considered together. First (considering appellants' points of error 1, 2, 3, 4 and 9), appellants assert the trial court erred in granting appellee's Motion for Summary Judgment, claiming appellee is barred from asserting this action by its conduct, elections, representations and stipulations in the proceeding in the Bankruptcy Court, and by general concepts of collateral estoppel, res judicata and full faith and credit.

These grounds of error concern the Chapter XI proceedings of the Bankruptcy Court in 1974 and the December 8, 1977 settlement agreement. The gist of appellants' argument is that because of appellee's previous position in federal bankruptcy court, it cannot now assert a new and different claim in relation to this case. In the Joint Application, appellee stipulated and affirmatively alleged the property in question had substantial value at that time in excess of the indebtedness. By so stipulating, appellee derived a benefit in the form of the property being exempted from the automatic stay. Therefore, since appellee benefited from agreeing to one value of the property, appellants maintain appellee cannot now profit by now contending the value of the property was insufficient to meet the debt.

While appellants' argument is emotionally attractive, it does not find support in the law. Regardless of the different proposed doctrines, whether they be estoppel, collateral estoppel, res judicata or full faith and credit, appellee cannot be barred from asserting its right of non-judicial foreclosure under Article 3810. The settlement agreement signed by appellants and approved by the Bankruptcy Court provides:

In the event Edmundson shall default in any of the terms and conditions of its indebtedness to Barnett or the terms of this Agreement, then Barnett may, at its option and without further order of the Bankruptcy Court, enforce and exercise

all rights, powers and remedies provided for in the attached loan document at law or in equity.

The attached loan documents provide the note and the mortgage agreement shall be interpreted "in accordance with the laws of the State of Texas." Appellee therefore had the right under the agreement to obtain non-judicial foreclosure in accordance with Article 3810.

Appellants do not contest appellee's right to proceed with the non-judicial foreclosure, nor do they question the validity of the sale on September 4. Appellants only complain of the insufficiency of the purchase price and appellee's attempt to make up the deficiency.

■ The law is clear a creditor holding a deed of trust may, upon a debtor's default on a note, buy the property itself at a foreclosure sale and, if the sale of the property does not bring enough to satisfy the debt, sue the debtor for the deficiency. *Smith v. Olney Federal Savings and Loan Ass'n.*, 415 S.W.2d 5¹5 (Tex.Civ.App.—Eastland 1967, no writ). In addition, the mere inadequacy of the consideration for the property will not, without more, render a foreclosure sale void if the sale was legally and fairly made. *Tarrant Savings Ass'n. v. Lucky Homes, Inc.*, 390 S.W.2d 473, 475 (Tex.1965). The Texas Supreme Court has further held that before a foreclosure sale can be reversed on appeal "[t]here must be evidence of (an) irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price." *American Savings & Loan Ass'n. of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex.1975); See *Lawson v. Gibbs*, 591 S.W.2d 292, 295 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.).

While not directly complaining about the inadequacy of the purchase price, appellants assert appellee is bound by its stipulation in the bankruptcy proceeding and cannot now assert a deficiency. Appellee's only stipulation, however, was that *at the time of the Joint Application and settlement agreement* (on December 8, 1977) there was substantial equity in the property over and above the outstanding debt. The only testimony as to the value of the property was from Edmundson himself, who stated at the bankruptcy hearing he believed the fair market value of the hotel to be "approximately $3,500,000.00." This value, however, was never agreed to by appellee.

Furthermore, there was no evidence presented at trial as to the value of the property at the time of the foreclosure sale in September, 1979, almost two years after the Bankruptcy Court hearing. Edmundson swore in an affidavit in opposition to appellee's Motion for Summary Judgment he estimated the value of the property to be in excess of $4,200.000. But no real evidence was presented as to the actual fair market value of the property at the time of the sale, save the $1,750,000 figure paid by appellee.

We therefore do not agree with appellants that appellee must be bound by its stipulation of the property's value. An exact figure was never specified in the stipulation, and the value of the property could have decreased as easily as increased in the two years before the foreclosure sale. See *Wendlandt v. Wendlandt*, 596 S.W.2d 323 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Without a stipulated figure or any real evidence of the actual value of the property, we cannot bind appellee.

■ Concepts of collateral estoppel, res judicata and full faith and credit are also not applicable doctrines under the facts of this case. Collateral estoppel and res judicata can only serve as a bar to a subsequent proceeding when there is an identity of issues in the two actions.

It is a general rule in this state that the former judgment or litigation relied on as having adjudicated the matter and as a bar for further proceedings should have involved and determined the same final issue or that such issue or question should have been fairly within the scope of the pleadings.

*Cone v. City of Lubbock*, 395 S.W.2d 651, 653–654 (Tex.Civ.App.—Amarillo 1965, writ

ref'd n. r. e.). Further, the Texas Supreme Court held in *Hammonds v. Holmes*, 559 S.W.2d 345, 346 (Tex.1977):

"[A] question of fact or law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the same suit be for the same or different cause of action. *State of Oklahoma v. State of Texas*, 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1920)."

Here, the same distinct issue was not before both courts. The issue before the Bankruptcy Court at the December 8, 1977 hearing was whether the property could be removed from under the automatic stay assuming it possessed substantial equity above the outstanding debt at *that particular point in time*. Since the validity of the non-judicial foreclosure sale was never in question, the issue before the trial court below was the outstanding amount due on the debt after partial satisfaction had been accomplished through the foreclosure sale. As stated above, there was no final adjudication of the value of the property by the Bankruptcy Court. Nor was there any finding of fact as to a specific value of the property. Therefore, it is difficult to imagine how appellee could be bound by that earlier proceeding when presenting a different issue below. Clearly, res judicata, collateral estoppel and full faith and credit do not apply to this case. *Valley International Properties, Inc. v. Brownsville Savings & Loan Ass'n.*, 581 S.W.2d 222, 225–226 (Tex. Civ.App.—Corpus Christi 1979, no writ).

Appellants argue further that their position is supported by the case of *In the Matter of Sonny Martini Inns, Inc.*, 2 Bankr.Ct.Dec. 642 (S.D.Tex.1976) (*Martini*), also heard before Judge Blinn. In *Martini*, a secured creditor possessing a deed of trust acquired an exception from an automatic stay so as to obtain satisfaction on a debt. As part of the hearing in Bankruptcy Court, the secured creditor agreed the equity in the property exceeded the outstanding debt. Shortly thereafter, the secured creditor non-judicially foreclosed on the property and made a successful bid which resulted in a deficiency on the debt. The Bankruptcy Court refused to allow the suit for the deficiency, holding the creditor could not benefit from asserting two differing values before the same court. Appellants argue *Martini* is controlling on the instant case.

While we recognize the logic and authority of the *Martini* decision, we believe the instant case can be distinguished in a number of areas. First, and very important to Judge Blinn in the *Martini* holding, both the settlement hearing and the suit on the deficiency were before the same court. Judge Blinn recognized the secured creditor's ability to proceed under Texas law but saw the earlier determination of value as "binding without dispute on that same Court . . ." Id. at 643.

Second, *Martini* involved a lapse of only two months time between the determination of the value of the property at the settlement hearing and the foreclosure sale. A lapse of almost two years in the instant case makes it less certain the values remained constant as they apparently did in *Martini*. It is also unclear from *Martini* how specific the the first determination of value was in relation to the foreclosure amount. Here, we only have a vague agreement that substantial equity existed in the property.

Finally, *Martini* recognizes a secured creditor's right to proceed toward non-judicial foreclosure under Texas law. *Martini* supports the proposition a creditor may foreclose and obtain relief for any deficiency on a debt. In *Martini*, however, Judge Blinn decided not to give cognizance to that particular claim of a deficiency. At this point we take leave from *Martini*, and follow Texas law by holding there was no abuse of discretion by the trial court in upholding the deficiency claim in the instant case. Appellants' points of error one, two, three, four and nine are overruled.

Through their points seven and eight appellants claim the trial court erred in granting appellee's Motion for Summary Judgment on the basis of the deficiency of the foreclosure sale because appellants had already conveyed the property to appellee. It is appellants' position the title to the property was effectively transferred to appellee by a warranty deed on August 31, 1979. They argue the subsequent non-judicial foreclosure sale was ineffective to create a deficiency because title was already in the hands of appellee. Since the property had a value in excess of the outstanding debt, argue appellants, the effective tender constituted payment in full on the indebtedness.

■ We disagree. The warranty deed was recorded and delivered without appellee's knowledge or permission. There was also no acceptance of the deed by appellee. In essence, appellants attempted a unilateral conveyance of the property to avoid the foreclosure sale and to prevent being held liable for any deficiency. Such unilateral conveyances are not effective in Texas absent acceptance by the grantee. See *Flato Brothers, Inc. v. Builders Loan Co. of Dallas*, 457 S.W.2d 154 (Tex.Civ.App.—Dallas 1970, no writ), a case on point where an attempted unilateral conveyance of a deed was ineffective to avoid a foreclosure sale and a suit on the deficiency. *Id.* at 157.

Appellee also brings to our attention that the settlement agreement of December 8, 1979 provided all payments of the debt were to be payable in "lawful money of the United States of America." Therefore, the attempted conveyance of the deed to the property did not constitute a valid tender or payment of the debt. In addition, appellants again assume the value of the property exceeded the indebtedness. No real evidence of the property's value is in the record. Points of error seven and eight are overruled.

Finally, appellants contend (through points of error five and six) the granting of the summary judgment was in error because appellee's attempted recovery of the deficiency resulting from the foreclosure sale is unconstitutional. Appellants maintain they are not challenging the validity of the foreclosure procedure under Article 3810, but are asserting there was a taking of appellants' property without due process of law. Claiming the existence of state action is met by appellee's invocation of the judicial process to enforce the deficiency claim, appellants assert they were denied due process by appellee's circumvention of the judicial proceeding in the Bankruptcy Court. They argue the non-judicial foreclosure and the subsequent judicially enforced deficiency claim cannot constitutionally wipe out the due process of the prior judicial proceeding.

■ We find appellants' argument confusing. Appellants argue state action is present through appellee's use of the Texas judicial system, while at the same time they claim the due process deprivation comes from the non-judicial sale exercised by a private citizen. Furthermore, it is also difficult for this Court to envision how appellants' property was taken without due process of law. Appellants agreed in the judicially approved settlement agreement to reserve to appellee all rights of foreclosure under Texas law. Appellants state they do not question the constitutionality of Article 3810, but then they complain the non-judicial nature of the Act cannot supplant a prior judicial proceeding, even though the proceeding explicitly provided for the foreclosure sale. Appellee has not deprived appellants of their property without due process of law by proceeding under the rights reserved to it by the laws of the State of Texas and agreed to by appellants. These points of error are without merit and are overruled.

As all points of error are overruled, the judgment of the trial court is affirmed.