**EDMUNDSON INVESTMENT COMPANY et al., Petitioners,**

v.

**FLORIDA TRECO, INC., Respondent.**

**No. C–1322.**

Supreme Court of Texas.

Sept. 22, 1982.

Rehearing Denied Nov. 24, 1982.

Sheinfeld, Maley & Kay, Thomas A. Collins, Houston, for petitioners.

Butler, Binion, Rice, Cook & Knapp, W.N. Blanton, III, Houston, for respondent.

PER CURIAM.

In this case, there was a summary judgment for the plaintiff in a suit to recover the deficiency owed on a debt after a non-judicial foreclosure. The Court of Appeals affirmed the summary judgment. 633 S.W.2d 599.

One of the problems was the value of the property foreclosed upon. The debtor contended that the property had a value exceeding the amount at which the property sold at foreclosure. The debtor asserted that the foreclosing party had at least acquiesced in the debtor's higher estimate of the value of the property. As stated by the opinion of the Court of Appeals, this occurred some two years before the foreclosure in question.

The Court of Appeals discussed a federal bankruptcy opinion which it calls the *Martini* case.[1] There a foreclosing party, just two months before foreclosure, had represented to the same court that the property had a particular value. The *Martini* bankruptcy court would not allow the foreclosing party to recover a deficiency when the property was bought in by the forecloser for much less than the price it was represented to have been worth.

The Court of Appeals in this case distinguished the *Martini* case. In so doing, the Court of Appeals wrote that it would follow the Texas law "by holding that there was no abuse of discretion by the trial court in upholding the deficiency claim in the instant case."

We agree with the result reached by the Court of Appeals, and the writ is refused, no reversible error. We disapprove of the language of the opinion in which the court apparently places its decision on abuse of discretion, or not, by the trial court. The summary judgment does not rest on the abuse of discretion.

---

1. 2 Bankr.Ct.Dec. 642 (S.D.Tex.1976) (*Martini*).